**In re Mary Cartterll WILLIAMS, Bankrupt.**

**Bankruptcy No. 79–00694.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

March 17, 1980.

Douglas O. Tice, Jr., Richmond, Va., trustee in bankruptcy.

Charles D. Bennett, Jr., Fredericksburg, Va., for the bankrupt.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Douglas O. Tice, Jr., Trustee in Bankruptcy, for Mary Cartterll Williams, in his report on exempt property filed herein, declined to set apart as exempt that property claimed by the Bankrupt as exempt to which the Bankrupt made a timely exception. Upon request of the Court, the parties submitted briefs in argument. The facts not being in dispute, this matter is now before the Court for determination.

## FINDINGS OF FACT

Mary Cartterll Williams filed a bankruptcy petition on May 18, 1979. On Schedule B–4 of said petition she claimed as exempt property under the provisions of Code of Virginia, §§ 34–4 and 34–26 certain items of personal property having an alleged value of $1,276. Title 34 of the Code of Virginia requires a timely filing of a homestead deed for property claimed exempt under said § 34–4. Said homestead deed was timely filed. Those items claimed exempt under § 34–26 require no affirmative action of the Bankrupt other than to assert the benefit of the exemption in the bankruptcy petition. The Bankrupt maintains a separate residence of her own and supports no one other than herself.

## CONCLUSIONS OF LAW

Prior to July 1, 1978, § 34–1 of the Code of Virginia was as follows:

"Definitions.—[t]he word 'householder' used in this title shall mean one who occupies such a relationship towards persons living with him as to entitle them to a legal or moral right to look to him for support and who, in turn, has the duty of supporting such persons. The word 'householder' shall be equivalent to the expression 'householder or head of a family,' and the term 'laboring person' shall be construed to include all householders who receive wages for their services."

Effective July 1, 1978 said Code section was amended by adding as part of the above paragraph immediately after the word "services" the following:

"The word 'householder' shall also include any person who maintains a separate residence of his own whether or not others are living with him."

The Bankrupt contends that with the amendment to the statute which became effective prior to the filing of her bankruptcy petition, she became entitled to the benefits bestowed on those persons who otherwise would qualify as a head of a household irrespective of the lack of any obligations to support anyone other than herself. The Trustee in Bankruptcy contends that the amendment to the statute only extended the privilege of the exemption to those persons otherwise obligated to render support, but who in fact live separate and apart from those to whom the duty of support was owed.

The identical issue in this proceeding was decided by this Court in the case styled *Parkinson v. Callaway,* 4 Bankr.Ct.Dec. 1023 (E.D.Va.1978). This Court upheld the trustee's rejection of exemptions claimed and effectively concluded that the purpose and effect of the amendment was to extend the exemption privilege to those persons obligated to render support but who maintain a residence separate and apart from the person supported. The counsel for the trustee relies on said *Callaway* opinion as determinative of this proceeding. Counsel for the Bankrupt, while fully aware of the *Parkinson v. Callaway* opinion and the reasoning and rationale contained in said opinion, argues forcefully that this Court should overrule *Callaway* and decide in favor of the Bankrupt because said opinion was erroneously decided. In so contending counsel for the Bankrupt concedes that the interpretation the Court gave to the Code section based on the legislative history of § 34–1 could be correct. However, counsel argues that an analysis of the legislative history of said section also could lead to the opposite result, i. e. the conclusion that per-

sons situated as the Bankrupt were meant to be included in the definition of "householder". Therefore, counsel for the Bankrupt argues that since either interpretation of the intent of the General Assembly in the passage of the amendment to § 34–1 is a reasonable one, the principle that statutes are to be construed in a liberal manner in favor of the bankrupt, should be controlling in this case. Additionally, the Bankrupt argues that the General Assembly in 1979 subsequent to the rendering of the *Callaway* opinion and the filing of the bankruptcy petition herein changed § 34–1 to apparently include persons such as the Bankrupt herein in the definition of "householder"; and that while said 1979 amendment to the definition is not the law in issue in this proceeding, the change by the 1979 session in said definition is evidence of the intent of the *1978* session when it enacted the 1978 amendment which is presently in issue.

The Court was fully aware when it rendered its decision in *Callaway* and remains fully aware "that exemption statutes are to be liberally construed in favor of the party asserting the exemption privilege." *Callaway, supra* at 1025. However, the Court also was and remains fully aware that "courts are neither to reduce nor enlarge the exemptions or read into the law an exemption not found there. *Callaway, supra* at 1025 citing *Goldburg v. Salyer*, 188 Va. 573, 50 S.E.2d 272 (1948). This Court after considering the above principles and the application of said principles to the facts in *Callaway*, decided that a fair reading of the statute's legislative history required the conclusion that a duty to support was contained in the definition of "householder". Nothing in the instant proceeding has changed the Court's mind. The Court relies fully on its opinion in *Callaway* and incorporates by reference the reasoning contained therein. Furthermore, the fact that the 1979 session of the Legislature subsequent to the *Callaway* decision made a change in the definition of "householder" that may exclude the duty to support is not necessarily indicative of their intent in 1978. An equally plausible reason for the change is that the General Assembly may

simply have realized that a mistake had been made or alternatively there may have been a reason to change the policy of this State, thereby necessitating a change in the law. In any event, the laws are constantly changing and merely because the law was changed today does not mean it was the intention of the lawmakers of yesterday. For "[i]f the General Assembly had intended [in 1978] to exclude the requirement of a duty to support as a condition of qualification as a householder, it could have easily said so in its amendment to the Section. It did not." *Callaway, supra* at 1025.

For the reasons contained in *Callaway* and herein, the Court concludes that a duty to support is required by the amendment to the definition of a "householder", that the Bankrupt herein has no duty to support, said Bankrupt is not a householder and is, therefore, precluded from claiming exemptions pursuant to § 34–4 and § 34–26 of the Virginia Code.

An appropriate order will issue.