**In re Sinclair C. PRESTON, Barbara S. Preston, 1100 Glenway Avenue, Bristol, Virginia 24201, Debtors.**

**Bankruptcy No. 7–83–01194.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Jan. 27, 1989.

Robert T. Copeland, Copeland, Molinary & Bieger, Abingdon, Va., for debtors.

James Michael Shull, Gate City, Va., for trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The issue before the court is twofold: 1) whether the debtors' Homestead Deed was properly filed; and 2) whether a debtor can claim an exemptible interest in a lease which she was not a party to.

Sinclair Preston and Barbara Preston ("debtors") filed a Chapter 11 petition in this court on October 20, 1983. The case was converted to Chapter 7 on October 29, 1987, and James M. Shull, Esq., was appointed trustee. The § 341 creditors' meeting was scheduled for December 15, 1987, but debtors contend that they did not receive notice of the meeting until after it was held. After several delays, the § 341 meeting was subsequently continued to January 15, 1988. At that meeting, debtors informed Mr. Shull that they would be claiming a joint homestead exemption of $10,000. On January 18, 1988, debtors filed a joint Homestead Deed in the Clerk's Office of the Circuit Court for the City of Bristol, Virginia, each claiming a $5,000 exemption in a long-term lease held by Sinclair Preston.

Trustee filed an objection to debtors' Homestead Deed on August 23, 1988, on the grounds that: 1) the Homestead Deed was not timely filed within five days of the § 341 creditors' meeting; 2) a copy of the Homestead Deed was not placed in the active case file; 3) debtors' filing of their Homestead Deed was not accompanied by proper notice; and 4) Barbara Preston has no property interest in the lease and cannot claim an exemption in funds derived therefrom.

The court now addresses the objections as raised by trustee.

■ Trustee contends that debtors' Homestead Deed was not filed within five days of the § 341 meeting of creditors that occurred on December 15, 1987. The evidence, however, revealed, and the court so finds, that debtors did not receive notice of the § 341 meeting until after the meeting was held. Since debtors did not receive proper notice of the December 15 § 341 meeting,[1] the § 341 meeting that occurred on January 15 became the operative § 341 meeting. In that debtors filed their Homestead Deed on January 18, 1988, they were within the allotted five-day time period for filing exemptions pursuant to *Virginia Code* § 34–17(1) (1950, as amended). This section provides that a person filing a petition in this court, "may set it apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341...." This provision must be construed to mean such meeting where the debtors are given meaningful notice thereof. This is in keeping with the universal liberal construction of exemption laws in favor of the debtor. *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir.1981).

■ Trustee's second argument has no merit. *Virginia Code* § 34–6 (1950, as amended) provides that in order to secure the benefit of an exemption of real estate, the householder shall, among other things, record the Homestead Deed in the county or corporation wherein such real estate is located. Debtors properly recorded their Homestead Deed in the appropriate clerk's office. There is no statutory requirement to file a copy of the Homestead Deed in the active case file.

■ Thirdly, trustee asserts that he did not receive proper notice of debtor's filing of their Homestead Deed. Though debtors did not provide trustee with written notice of the filing of their Homestead Deed, they

---

**1.** *Bankruptcy Rule* 2002(a)(1) provides that, "the clerk, or some other person as the court may direct, shall give the debtor ... not less than 20 days notice by mail of (1) the meeting of the creditors pursuant to § 341 of the Code;"

did put trustee on constructive notice at the January 15 § 341 creditors' meeting that they would be filing one.

 Finally, trustee contends that the homestead exemption claimed by Barbara Preston [2] should be disallowed because she has no property interest in the lease from which her claimed exemption is derived. *Virginia Code* § 34–4 (1950, as amended) states:

> Every householder or head of a family residing in this State shall be entitled, ... to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, *his real and personal property*, or either....* (emphasis added).

Examination of the lease reveals that Barbara Preston is not a party to the contract. Sinclair Preston, as sole lessee, is the only person who can claim an exemptible interest in the lease. While exemption statutes are to be liberally construed in favor of the party asserting the exemption privilege, courts should not read into the law an exemption not found there. *In re Williams*, 3 B.R. 244 (Bankr.E.D.Va.1980). Since Barbara Preston is not an actual owner of the leasehold, she cannot claim an exemption in it.

An Order will be entered.

2. A wife who files a joint voluntary petition in bankruptcy with her husband is a "householder" within the meaning of *Virginia Code* § 34–1 (1950, as amended) and is entitled to a home- stead exemption in addition to her husband's where they were married to each other and living together at the time of filing. *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981).