**In re Thelmer WALLACE, Sharon Wallace, Debtors.**

No. 7–99–02070–7.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

March 22, 2000.

Robert E. Wick, Bristol, Virginia, trustee.

John Allen Martin, Abington, Virginia, for debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court arises as a result of the trustee's objection to a homestead exemption claimed by Thelmer Wallace and Sharon Wallace (herein "Debtors"). The trustee's objection was based upon the Debtors' failure to timely file a homestead deed. However, the trustee's objection was filed outside the thirty-day period during which objections are permitted.[1]

1. Federal Rules of Bankruptcy Procedure 4003(b).

The trustee requests that the objection be sustained based upon his allegation that Debtors' counsel misled him regarding the filing of the homestead deed. The Debtors request that the trustee's objection be dismissed based upon 11 U.S.C. § 522(*l*) and Bankruptcy Rule 4003(b).

### Facts

The Debtors' section 341 meeting occurred on July 21, 1999. At that meeting, the trustee requested that Debtors' counsel forward a copy of the filed homestead deed to him. On July 28, 1999, Debtors' counsel sent a letter to the trustee with a copy of the homestead deed attached. The homestead deed did not bear evidence of recordation in the proper state court clerk's office.[2] On August 8, 1999, the trustee wrote a letter to Debtors' counsel requesting verification of proper recordation. Debtors' counsel complied by letter dated August 19, 1999, which was received by the trustee on August 23, 1999, two days after the thirty-day deadline found in Bankruptcy Rule 4003(b). The certification of the state court clerk showed recordation on August 6, 1999. On September 29, 1999, the trustee objected to the homestead exemption based upon the untimely filing of the deed.

### Law and Discussion

Bankruptcy Code § 522(*l*) states:

(1) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

■ Pursuant to 11 U.S.C. § 522(*l*), as a prerequisite to a proper claim of exemption, the debtor must schedule the claimed exemption in the schedules filed with the bankruptcy court. Bankruptcy Rule 4003(d) establishes the time frame for objections to the property scheduled and claimed as exempt:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. . . .

Federal Rules of Bankruptcy Procedure 4003(b).

■ In addition, to the requirements of 11 U.S.C. § 522(*l*), the debtor must also properly perfect the homestead exemption under Virginia law. *See*, Code of Virginia § 34–3.1 (the Virginia "opt out" statute)[3] and 11 U.S.C. § 522(b)(1) and (2)[4]. In order to properly set apart the homestead exemption, the debtor must comply with Code of Virginia § 34–17 and "set apart" the claimed exemption "on or before the

---

2. Proper recordation is a prerequisite to perfection of a homestead exemption claim for Virginia residents.

3. § 34–3.1. Property specified in Bankruptcy Reform Act not exempt. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title.

4. 11 U.S.C. § 522 Exemptions ˙(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1)

or in the alternative, paragraph (2) of this subsection. . . . . Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize, or, in the alternative.

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180 day period than in any other place.

fifth day after the date initially set for the meeting of creditors held pursuant to 11 U.S.C. § 341 in the Chapter 7 case, but not thereafter." In order to "set apart" where personal property is concerned, Code of Virginia § 34–14 requires the homestead deed to "be admitted to record ... in the county or city wherein such householder resides."

The deficiency upon which the trustee relies in this case is the Debtors' failure to file in the time provided by section 34–17. The Debtors counter with a statute of limitations type argument based on 11 U.S.C. § 522(*l*) and Bankruptcy Rule 4003(b). *i.e.* The trustee failed to object within thirty days of the section 341 meeting, therefore, the property claimed exempt as scheduled is exempt under 11 U.S.C. § 522(*l*). To escape the Debtors' argument, the trustee argues excusable neglect based upon failure of Debtors' counsel to timely respond to his request for proof of perfection under section 34–17.

■ The plain wording of Rule 4003(d) allows an exception to the thirty-day time period only where the court has granted an extension that is requested within the thirty days. Rule 4003(b) has been applied strictly to bar an objection to claim filed outside the thirty day period. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The debtor in *Taylor* listed a pending employment discrimination suit on her schedule of exemptions. The debtor and the attorneys representing her in the lawsuit made full disclosure to the trustee of the nature and extent of the lawsuit and their estimate of her potential recovery. *Id.* at 640, 112 S.Ct. 1644. The trustee doubted the value of the lawsuit and did not object in a timely manner. However, after the lawsuit settled for a large sum ($110,000.00),

the trustee filed an untimely objection. The Supreme Court held that the plain meaning of Rule 4003(b) prohibited the objection by the trustee even where the debtor had no colorable basis for claiming the exemption in the first place. *Id.* at 643, 112 S.Ct. 1644. The Court found that since the trustee had an opportunity to object during the thirty-day time period and failed to do so, his untimely objection would be barred despite the fact that the exemption was claimed without a colorable basis. *Id.* at 643, 112 S.Ct. 1644. The Supreme Court rejected the argument of the trustee that section 522(*l*) and Rule 4003(b) do not preclude judicial inquiry where there is lack of good faith in making the claimed exemption.[5] *Id.* at 643, 112 S.Ct. 1644. On the other hand, the Supreme court did not exclude the possibility of application of 11 U.S.C. § 105 and cited several lower court decisions that have accepted that position. *Id.* at 645, 112 S.Ct. 1644.

The trustee argues either that Debtors' counsel committed some type of fraud by failing to provide him with evidence of timely filing of the homestead deed under Virginia law or that it is inequitable to permit a debtor to take advantage of the claimed homestead exemption when the perfection requirements of Code of Virginia § 34–14 have not been met. There is not sufficient evidence presented by the trustee to prove by a preponderance of the evidence that Debtors or Debtors' counsel perpetrated a fraud in order to obscure the fact that the homestead deed was not perfected in a timely manner.

■ There is also no evidence that the Debtors or Debtors' counsel prevented the trustee from objecting to the property listed as exempt pursuant to 11 U.S.C. § 522(*l*).[6] It is also clear that this matter

---

5. A contrary view was expressed by Justice Stevens in the dissent. *Id.* at 647, 112 S.Ct. 1644.

6. In the case at bar, the trustee does not assert that the Debtors failed to comply with 11 U.S.C. § 522(*l*), in which requires the

Debtors to list the claimed exemptions, or that he did not have this list at the section 341 meeting of creditors. Thus, the 30–day statute of limitations set by Rule 4003(b) began to run on July 21 and expired on August 20, 1999. Since the trustee waited until Septem-

could have been avoided had the trustee elected to file a written objection to the claimed exemptions within thirty days after the section 341 meeting citing failure to prove perfection under the Virginia Code as grounds. Instead, the trustee elected to rely on cooperation of the Debtors and their counsel by requesting proof of perfection after the section 341 meeting. The Debtors' cooperation was not completed until after the thirty-day period of Rule 4003(b) expired. Debtors now choose to rely on these circumstances to obtain a windfall vis' a vis' their creditors. However, the court finds that it would be inequitable to permit the windfall to occur because of the provisions of 11 U.S.C. § 521(3): "The debtor shall—(3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 704(1) states:

> The trustee shall—(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

This court finds that the language of section 521(3) is broad enough to impose upon the Debtors a duty to provide the trustee with the information he requested (a recordation receipt showing proper perfection of the homestead deed) within thirty days after the conclusion of the section 341 meeting so that the trustee could perform his duty under 11 U.S.C. § 704(1). Specifically, the language of section 521(3) "cooperate with the trustee as necessary" means compliance with the trustee's request prior to the expiration of the thirty-day period of Rule 4003(b) in this case. Otherwise, the trustee cannot "perform the trustee's duties" under section 704(1).

The Debtors failed in their statutory duty and equity does not permit them to profit from their failure to the detriment of his creditors. Unlike the debtors in *Taylor*, the Debtors in this case failed to make full disclosure in a timely manner that they had no colorable basis for their claim. This distinguishes this case from *Taylor* and makes the application of 11 U.S.C. § 105(a) appropriate.[7] The "parties injured by the trustee's failure to object within the 30–day period are innocent creditors." *Id.* at 648, 112 S.Ct. 1644.

### Conclusion

The failure of the Debtors to carry out their duties removes the case at bar from the application of the Supreme Court's holding in *Taylor, supra.* Based on the foregoing analysis of the statutory language of 11 U.S.C. § 521(3) and § 704)(1), it would be an abuse of the bankruptcy process for the Debtors to fail to timely respond to the trustee's request. Accordingly, use of 11 U.S.C. § 105(a) is warranted to prevent such abuse. It is

### ORDERED:

That the trustee's objection to the claimed exemption as not properly perfected under the Virginia Code is **SUSTAINED** and the claimed exemption is **DISALLOWED.**

---

ber 29, 1999 to file his objection, it is clearly outside the thirty-day period.

7.  11 U.S.C. § 105 Power of court. (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.