**Charles W. SMOOT, Jr., and Marilyn Ruth Smoot, Appellants,**

**v.**

**Roy V. WOLFE, III, Esq., Bankruptcy Trustee, Appellee.**

**No. 5:01CV00066.**

United States District Court, W.D. Virginia, Harrisonburg Division.

Dec. 12, 2001.

---

Ann M. Callaway, Ann M. Callaway, P.C., Warrenton, VA, for appellants.

Roy V. Wolfe, Haynes & Wolfe, trustee, pro se.

## MEMORANDUM OPINION

TURK, District Judge.

Charles Smoot, Jr., and Marilyn Smoot appeal an order of the Bankruptcy Court that sustained the trustee's objections to their homestead deeds. The situation resulted from a confluence of several misunderstandings. On October 5, 2000, the appellants filed a Chapter 7 bankruptcy petition. The appellants' attorney, Ann M. Callaway, listed several dates on the bottom of the petition during which she could not attend the initial meeting of creditors. She requested that the court not set the meeting on those dates. Nevertheless, the trustee set the hearing on November 17, 2000, one of the dates on which Ms. Callaway said that she could not attend. Ms. Callaway wrote to the trustee and requested a change in the date. The trustee obliged. Ms. Callaway issued a "Notice of Rescheduled Meeting of Creditors" which announced that meeting would be held instead on December 18. However, the trustee convened the meeting on November 17 and then immediately adjourned it to December 18. The appellants appeared for the first time at the December 18 meeting.

The appellants intended to exempt certain of their property from the bankruptcy proceeding under Va.Code § 34–4 (Michie 1996). To do so, they needed to file homestead deeds in accordance with Va.Code §§ 34–14 and 34–17 (Michie 1996). Section 17 requires any party claiming a homestead exemption to file their homestead deeds "on or before the fifth day after the date initially set" for the meeting of creditors. The appellants filed their homestead deeds on December 27, 2000, which date was timely (considering the holidays) if the meeting to which § 17 refers took place on December 18. The trustee objected to the exemptions and claimed that the debtors were obligated to file their deeds within five days of November 17, not within five days of December 18. Judge Krumm ruled for the trustee, and this appeal ensued.

 Orders granting or denying a homestead exemption are final orders. *In re White*, 727 F.2d 884, 885 (9th Cir.1984). This Court has jurisdiction over appeals from the final orders of bankruptcy courts under 28 U.S.C. § 158 (1994). When considering a bankruptcy appeal, this Court is not free to set aside the Bankruptcy Judge's findings of fact unless they are clearly erroneous. *See In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992). The Court may review legal conclusions *de novo*. *Id.* The issue in this case is a mixed question of law and fact. Because the Court would arrive at the same conclusion regardless of which standard it employed, however, the Court will review the Bankruptcy Court's conclusions *de novo*.

 The cases construing § 34–17 are somewhat schizophrenic. On one hand, a court should construe the law of homestead deeds liberally, in favor of the debtors. *Homeowner's Fin. Corp. v. Pennington*, 47 B.R. 322 (Bankr.E.D.Va.1985). On the other hand, debtors must strictly abide by the requirements for homestead deeds to be entitled to an exemption. *In re Heater*, 189 B.R. 629 (Bankr.E.D.Va.1995). However, this Court need not engage in a prolonged discussion of these contradicto-

ry strands in the case law in order to resolve the matter at hand because the statute clearly settles the question here.

The General Assembly of Virginia has declared that a bankruptcy homestead exemption is available only when the debtor files homestead deeds within five days of the date "initially set" for the creditors' meeting. The Assembly did not make the deadline five days from the date the meeting was "initially held," or from the date of the meeting "at which the debtors first appear," or from the date of the initial meeting "at which business is conducted." Any of these phrases would support the appellants' position. Instead, the Assembly used the term "initially set"—the date on which the meeting was first scheduled to take place. No one claims that that date was anything other than November 18. In response, the appellants argue that the meeting should not have been set on that date because their attorney was unavailable. That may be true, but legal authority to convene a creditors meeting rests with the bankruptcy trustee even if as a courtesy he works with the parties in scheduling matters. 11 U.S.C. § 341 (1994). Furthermore, even if the trustee had *reset* the meeting rather than convening it and then continuing it, that would not change the fact the he had "initially set" the meeting for November 17.

The cases that appellant cites are distinguishable. *In re Wallace*, 249 B.R. 677 (Bankr.W.D.Va.2000) is inapposite to this situation. *Mayer v. Van Nguyen*, 211 F.3d 105 (4th Cir.2000) is distinguishable. In *Mayer*, the debtor filed the homestead deed before the deadline but the clerk recorded it after the deadline. The Fourth Circuit found that the exemption was proper because the debtor filed the homestead deed timely; the error lay with the clerk, not with the debtor. In this case appellants failed to file their petition timely; thus, *Mayer* does not apply.

Appellants also cite *In re Jackson*, 2001 WL 540297, 2001 Bankr.LEXIS 525 (E.D.Va. Mar. 30, 2001). There the debtors filed a petition in bankruptcy and a date was set for the creditors' meeting. The petition was later dismissed, and the meeting never took place. Even later on, the petition was reinstated. The Bankruptcy Court for the Eastern District of Virginia held that even though the creditors' meeting set in the initial petition never took place, its date still determined the timeliness of homestead exemptions under § 34–17. The reinstatement of the case rendered the earlier dismissal a nullity, and the first creditors' meeting date was the relevant date "initially set." Appellants cite *Jackson* for the proposition that orders can be rendered nullities in bankruptcy proceedings. They assert that in this case the rescheduling rendered the initial meeting date a nullity. However, the real lesson of *Jackson* is that even when a creditors' meeting does not take place as originally contemplated, the date initially set for it starts the five day period running under § 34–17. This reading seems consistent with the language of the statute.

Finally, appellants argue that sustaining the trustee's objections would result in a windfall for the trustee; because the trustee created the problem in the first place by scheduling the meeting on an unavailable date, the argument goes, he should not be allowed to profit from it now. The argument appeals to one's sense of equity, and there is some authority for equitable deviation from the requirements of § 34–17. *See In re Davies*, 96 F.Supp. 416 (W.D.Va.1949) (court allows exemption when homestead deeds were executed before the deadline but filed after it, when all were done before first creditors' meeting);

*In re Preston,* 96 B.R. 61 (Bankr.W.D.Va. 1989) (court allows late filing of homestead deeds when debtors had no actual notice of creditors' meeting). However, the authority is factually distinguishable. The plain language of the statute, as applied to this case, counsels against equitable deviation from its terms. The question when homestead deeds must be filed is one for the Virginia General Assembly to answer, and they have done so.

For all these reasons, it is apparent that the judgment of the Bankruptcy Court must be **AFFIRMED.**