**In re Joe William SHELTON and Michelle Lee Shelton, Debtors.**

No. 05–73640.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division at Abingdon.

Feb. 24, 2006.

James P. Carmody, Richlands, VA, for Debtors.

### MEMORANDUM DECISION

WILLIAM F. STONE, JR., Bankruptcy Judge.

The matter before the Court is the Trustee's Objection to the Debtors' Claim of Exemptions. The issue on which the Objection turns is whether the Debtors made a timely filing of an amended homestead deed under Virginia law. A hearing was held on the Trustee's Objection on January 18, 2006. At that time, the Court took the matter under advisement and requested written argument from counsel. Both parties have since submitted written arguments to the Court. The matter is now ready for decision. For the reasons set forth below, the Court concludes that the Objection must be overruled except to the extent that the amount of Mr. Shelton's wages held exceeds the amount claimed as exempt in his amended homestead deed.

### FINDINGS OF FACT

The Debtors filed their chapter 7 bankruptcy case on September 16, 2005. The meeting of creditors was originally scheduled for October 17, 2005. This meeting was convened and continued to November 23, 2005.[1] On October 20, 2005, within five days of the original meeting date, the Debtors filed their homestead deeds listing on each "Cash on hand and funds on deposit ... $1.00" and "Estimated prorated 2005 inc. tax refunds ... $1400.00." On October 20, 2005, the Debtors filed an amended Schedule C and claimed as exempt under Va.Code § 34–4 the following property: "Cash $1.00; Garnishment $1,400.00; Garnishment $2,000.00; Prorated Tax Refund $2,865.00." On October 24, 2005, the Trustee received two checks for garnished monies in the amounts of $986.43 from Mrs. Shelton's employer and $2,231.68 from Mr. Shelton's employer. On November 16, 2005, the Debtors filed

---

1. The Trustee states in his brief that the § 341 meeting was concluded on November 23, 2005. The Debtors' counsel states in his brief that the meeting was not concluded until December 19, 2005. The docket entries show that the meeting was originally scheduled for October 17, 2005. On November 18, 2005, a 341 minute sheet was filed continuing the meeting to November 23, 2005. On November 26, 2005, another 341 minute sheet was filed continuing the meeting to November 29, 2005. The Discharge Order was entered on December 19, 2005.

amended homestead deeds adding "including funds held by garnishment" under the "cash on hand and funds on deposit" entry and increasing that amount from $1.00 to $1,400.00 on Mrs. Shelton's homestead deed and to $2,000.00 on Mr. Shelton's homestead deed. According to the Trustee, the § 341 meeting was held and concluded on November 23, 2005.

The Trustee's objection to the amended homestead deeds is that they were untimely filed. The Trustee also claims that as the time for filing homestead deeds had expired, the Debtors were precluded from amending the homestead deeds for purposes other than increasing or decreasing the value of property previously included and that new property could not be exempted. The Trustee asserts that the original homestead deeds failed to designate and describe with reasonable certainty the property they were claiming exempt and that the original homestead deeds could not be amended to add the garnished funds. Counsel for the Debtors contends that the five-day limitation for recording homestead deeds commences when the meeting is concluded, not when it is merely commenced, and that the amended homestead deeds were timely filed.

## CONCLUSIONS OF LAW

■ This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the validity of a claim of exemption is a "core" bankruptcy proceeding by virtue of 28 U.S.C. 157(b)(2)(B).

The bankruptcy law applicable to the decision of this matter is that which existed prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The pertinent statute, 11 U.S.C. 522(b)(2)(A), as applicable to the facts of this case involving a Virginia debtor, provides for an exemption effective in bankruptcy of "any property that is exempt under … State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition". Prior to July 1, 2005 the Virginia statute required that to perfect a homestead exemption in a Chapter 7 bankruptcy case the debtor was obliged to file the homestead deed for record no later than five days after the date originally set for the section 341 meeting of creditors. Effective on that date, however, an amendment to that statute became effective which extended the deadline date to five days "after the date of the meeting held pursuant to 11 U.S.C. 341, but not thereafter." Va.Code 34–17(A).

It is important to note that current Virginia law does not require that a homestead exemption to be effective in bankruptcy be claimed prior to the bankruptcy filing. Up until July 1, 2005 it required that the homestead deed be filed within five days of the date originally set for the first meeting of creditors, whether or not the meeting actually occurred on that date. Sometimes bankruptcy debtors failed to file their homestead deeds until after the time when a continued meeting of creditors was held and if their claim of exemption was objected to by the bankruptcy trustee or a creditor, they thereby lost their homestead exemption rights with respect to their bankruptcy case. *Smoot v. Wolfe*, 271 B.R. 115 (Bankr.W.D.Va.2001). In 2005 the General Assembly responded to this state of affairs by amending Va. Code 34–17 to extend the applicable time period for recording a homestead deed to five days after the meeting of creditors was actually held. This was clearly legislation intended to benefit bankruptcy debt-

ors and to give them the benefit of going through the meeting of creditors and interact with the trustee before actually being required to determine what they wanted to include in their homestead deeds and get them timely filed.

While the requirement of this statute must be strictly upheld when its meaning is clear, the rule of liberal construction of homestead exemptions comes into play here. It is clearly the policy of the bankruptcy laws of the United States and the statutes of Virginia that debtors receive the benefit in bankruptcy of the exemptions from creditor process to which those statutes entitle them. The Court believes that a legal proceeding is not in ordinary parlance considered to have been "held" until it is over. The Court further notes, as pointed out by Debtors' counsel, that the Code of Virginia expressly recognizes that a "proceeding [may be] authorized to be adjourned from day to day". Va.Code 1–210(C). It further provides that "[w]hen an act of the General Assembly ... requires that an act be performed within a prescribed amount of time after any event ..., the day on which the event ... occurred shall not be counted against the time allowed." Va.Code 1–210(A). As with its interpretation of the word "held", the Court concludes that a meeting of creditors has not "occurred" until it has actually concluded. Any other interpretation would require an analysis of exactly what transpired at any particular portion of the meeting of creditors and would introduce an unwarranted uncertainty into the law as to the commencement point for the permitted time period for the necessary filing of a homestead deed to be effective in bankruptcy. The original meeting of creditors in this matter was not concluded on October 17, 2005, but was continued to November 23, 2005, at which time the meeting was concluded according to the Trustee. Therefore, the Debtors timely filed their amended homestead deeds on November 16, 2005.

## CONCLUSION

Based upon the above authorities, the Court overrules the Trustee's Objection except to the extent that the amount of Mr. Shelton's wages held exceeds the amount claimed as exempt in his revised homestead deed. An order to such effect will be entered contemporaneously with the signing of this Decision.