## In re SWIFT.

### No. 1462.

United States District Court
W. D. Virginia.
Nov. 11, 1950.

John T. Dehart, Bristol, Va., for appellant.

Waldo G. Miles, Bristol, Va., trustee, pro se

BARKSDALE, District Judge.

This is an appeal from an order entered herein on September 14, 1950, by the Referee, refusing to set aside to the bankrupt certain real estate claimed by him to be exempt under the Virginia Homestead Exemption Law. The facts briefly are as follows:

Charles Wilburn Swift filed his voluntary petition in bankruptcy on March 24, 1950, and was adjudicated a bankrupt by order of this court entered on March 27, 1950. In his schedules filed with his petition, petitioner did not list any real estate, or interest in real estate, owned by him. At the first meeting of creditors held on April 13th, the Referee allowed the bankrupt to amend his schedule and list among his assets a certain interest in real estate of the stated value of $1,000.00 and to claim this interest in real estate as exempt to him under the Virginia Homestead Exemption Law. On that same date, April 13th, the bankrupt executed and had recorded a deed claiming this interest in real estate as his homestead exemption. The Trustee refused to set aside this property as exempt to the bankrupt, and the Referee, by his said order of September 14, 1950, confirmed this action of the Trustee, and to this order of the Referee, this appeal has been prosecuted.

Article XIV of the Constitution of Virginia deals with homestead exemptions. Section 190 of Article XIV provides that every householder or head of a family shall be entitled, in addition to certain other exemptions, to hold exempt his real and personal property, or either, not exceeding $2,000.00, such exempted property to be selected by him. Section 192 provides: "The General Assembly shall prescribe the manner and the conditions on which a householder or head of a family shall set apart and hold for himself and family a homestead in any part of the property hereinbefore mentioned. But this section shall not be construed as authorizing the General Assembly to defeat or impair the benefits intended to be conferred by the provisions of this article."

In order to implement Article XIV of the Constitution, the general assembly has enacted a number of statutes. The particular statutory provision which I am now required to consider was Section 3642 of the Code of 1887, Section 6543 of the Code of 1942, and is now Section 34–17 of the Code of Virginia 1950. Until 1944, this section was as follows: "The real or personal estate, which a householder, his widow, or minor children are entitled to hold as exempt, may be set apart at any time before the same is subjected by sale or otherwise under judgment, decree, order, execution, or other legal process."

The general assembly of 1944 amended this section by adding to it the following proviso: " * * * provided that (1) any person who files a voluntary petition in bankruptcy may set it apart before or on the same day that he files his petition but not thereafter, or (2) any person against whom an involuntary petition in bankruptcy is filed may set it apart at any time before the expiration of the period after his adjudication within which he is required to file his schedules."

Therefore, it is to be observed that, by the terms of Section 34–17 of the Code, the petition here being voluntary, petitioner was required to set apart his homestead "before or on the same day" that he filed his petition. Petitioner failed to set apart his homestead exemption on or before the date of filing his petition, which was March 24th, and did not set it apart until April 13th when he amended his schedule.

Both the Trustee and the Referee have taken the position that petitioner's claim of homestead came too late, as it clearly did under the statute. Petitioner's counsel contends that petitioner's claim of homestead was asserted so soon after the filing of his petition that the court should consider it as having been filed in time, and further, that the 1944 amendment to the statute is unconstitutional. Although petitioner here does not seem to make the contention, it has been suggested also that the 1944 amendment is invalid as being contrary to the Bankruptcy Act and as an attempt to regulate procedure under a federal statute.

As to petitioner's first contention, while it is true that no great interval of

time elapsed between the filing of the petition on March 24th and the claim of homestead on April 13th, however, a period of more than two weeks elapsed, and I do not think that this court can treat such an interval of time as *de minimis*. The statute clearly provides that the claim of homestead must be asserted on or before the date of filing the voluntary petition, which petitioner here failed to do, and I hold that under the terms of the statute his claim of homestead came too late.

So far as I know, this is the first case in which the validity of the 1944 Amendment has come directly before the court for consideration. In the case of In re Davies, 96 F.Supp. 416, in this court, opinion by Honorable John Paul, July 19, 1949, the validity of the 1944 Amendment was attacked. However, Judge Paul decided the case on another ground, and in his opinion expressly refrained from passing on the validity of the amendment.

I am of the opinion that the 1944 Amendment is not repugnant to the Constitution of Virginia. Section 190 of the Constitution provides generally for a homestead exemption not exceeding $2,000.00. Section 192 of the Constitution expressly directs the general assembly to "prescribe the manner and the conditions on which a householder or head of a family shall set apart and hold" his homestead exemption, and further provides that: "this section shall not be construed as authorizing the General Assembly to defeat or impair the benefits intended to be conferred by the provisions of this article."

There is no requirement, express or implied, that the manner and conditions for the setting apart of the homestead exemption must be uniform in all cases and in all situations. It would seem that the last sentence of Section 192 should be construed only as a restriction or inhibition upon the general assembly against the enactment of legislation which would have the effect of defeating or nullifying the right to a homestead exemption granted by Article XIV of the Constitution. In other words, Section 190 having given in general terms the right to a homestead exemption, and Section 192 having authorized and directed the general assembly to prescribe the manner and conditions under which this right shall be exercised, the last sentence would seem only to make it clear that the power of the general assembly to prescribe the manner and conditions of claiming the homestead shall not go so far as to defeat or impair the benefits intended to be conferred. It does not seem to me that the 1944 amendment impairs or defeats the benefits of the homestead exemption, but merely provides for a difference in the manner of claiming the benefits depending upon a difference of conditions. It seems to me reasonable for the general assembly to require those who voluntarily seek the benefits of the Bankruptcy Act to exercise their option to also claim the benefits of the homestead exemption law on or before the date of filing their petitions. I therefore hold that the 1944 amendment to what is now Section 34–17, Code of Virginia 1950, is not repugnant to the Constitution of Virginia.

Although not expressly asserted here, it also seems to me that the contention that the 1944 amendment is an attempt to regulate procedure under a federal statute and invalid as being contrary to the Bankruptcy Act, is without merit. Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, expressly provides that the exemptions allowed bankrupts shall be those prescribed by state law. The whole matter of exemptions is properly the subject of state law, and the bankruptcy courts must be guided by state law in setting aside exempt property to bankrupts. Myers v. Matley, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043. Therefore, it seems clear to me that Section 34–17 of the Code of Virginia interferes in no wise with the Bankruptcy Act or the administration of the bankrupt estates.

It follows therefore that an order will be entered affirming the order of the Referee from which this appeal has been taken.