689 F.2d 471
 7 Collier Bankr.Cas.2d 859, 9 Bankr.Ct.Dec. 992,
Bankr. L. Rep. P 68,794
 Roy B. ZIMMERMAN, Trustee in Bankruptcy, Appellant,
v.
James P. MORGAN, Appellee,
Beril M. Abraham, Richard W. Whittemore, Amicus Curiae.
In the Matter of James P. MORGAN a/k/a James Peter Morgan
a/k/a J. P. Morgan, Debtor.
 No. 82-1091.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 10, 1982.
Decided Aug. 30, 1982.
 
 Roy B. Zimmerman, Alexandria, Va., for appellant.
 Richard M. Alvey, Woodbridge, Va., for appellee.
 Richard W. Whittemore, Norfolk, Va. (Beril M. Abraham, Virginia Beach, Va., on brief), for amicus curiae.
 Before WIDENER, HALL and ERVIN, Circuit Judges.
 K. K. HALL, Circuit Judge:
 
 
 1
 Roy B. Zimmerman, trustee in bankruptcy, appeals from a bankruptcy court order permitting James P. Morgan to claim a homestead exemption despite Morgan's failure to claim the exemption in the manner prescribed by state law.[1] We reverse. 15 B.R. 620.
 
 I.
 
 2
 Under Virginia Code § 34-4, every householder or head of family residing in Virginia is entitled to a homestead exemption for real and personal property. To claim this exemption for personal property, Code § 34-14 requires the householder to describe and place a value on the property in a written instrument and to record that instrument in the court or corporation in which he resides.[2]
 
 
 3
 On June 1, 1981, Morgan, a Virginia resident, attempted to claim a homestead exemption by recording an instrument in Prince William County. The parties to this litigation agree that Morgan did not reside in Prince William County and that he, therefore, failed to comply with Code § 34-14.
 
 
 4
 On June 4, 1981, Morgan filed a voluntary petition in bankruptcy and listed as exempt that property set forth in his homestead exemption. The trustee objected because of Morgan's failure to properly record the instrument claiming the exemption.[3] Nonetheless, the bankruptcy court permitted the exemption on the theory that the state exemption statute conflicted with the Bankruptcy Reform Act. Noting that 11 U.S.C. § 522(l ) requires the debtor to file a list of the property he claims as exempt, the court concluded that § 522(l ) provides the mechanism for claiming exemptions, and that the additional procedures imposed by state law conflict with that section and, therefore, are not essential.
 
 II.
 
 5
 On appeal, Morgan argues that under the bankruptcy laws, state and local exemption statutes are relevant only for determining the nature and amount of property which may be exempted. By restricting the function of these statutes, he contends that the supremacy of federal law in the bankruptcy arena is preserved and that the "fresh start" purpose of the Bankruptcy Reform Act is fostered.
 
 
 6
 Morgan's position is contrary to the clear language of the Act. A debtor such as Morgan is entitled to exempt for bankruptcy purposes "any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(2)(A). For property to be exempt under state or local law, it must be claimed as exempt in the manner prescribed by those laws. Thus, the exemption conferred by the above-quoted language presupposes compliance with the pertinent state and local laws.
 
 
 7
 We also perceive no conflict between § 522(l ) and the recordation requirement of the Virginia statute. By filing the list of claimed exemptions pursuant to § 522(l ), the debtor asserts his belief that he is entitled to exempt that property. Whether that belief is correct will be determined through application of § 522(b)(2)(A) and the state or local exemptions incorporated therein. Therefore, the § 522(l ) filing is not a substitute for compliance with the state or local law.
 
 
 8
 We find further discussion of the issue in White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924). White involved an Idaho homestead exemption statute which required the filing of a written declaration that the land in question was both occupied and a homestead. The debtor failed to file the declaration prior to filing his bankruptcy petition. Because the bankruptcy law permitted exemptions "prescribed by the state laws," the court disallowed the exemption for failure to comply with the state statute.
 
 
 9
 In view of White and the clear language of § 522(b)(2)(A), we conclude that Morgan's failure to comply with the Virginia homestead exemption statute precludes him from claiming that exemption for bankruptcy purposes. Accordingly, we reverse the decision of the bankruptcy court and remand for further proceedings consistent with this opinion.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 [1]
 The parties agreed to a direct appeal from the decision of the bankruptcy court pursuant to 28 U.S.C. § 1293
 
 
 [2]
 The Bankruptcy Reform Act, 11 U.S.C. § 522(b)(1), gives each state the option to restrict its residents to the exemptions permitted by the laws of that particular state. Virginia has exercised that option by enacting Virginia Code § 34-3.1
 
 
 [3]
 Under Virginia Code § 34-17, the homestead exemption must be claimed prior to filing a petition for bankruptcy