PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: QUY VAN NGUYEN,
Debtor.

ROBERT G. MAYER,

Trustee-Appellant,

No. 99-1563

v.

QUY VAN NGUYEN,
Debtor-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-98-1814-A, BK-97-16435-AB)

Argued: December 1, 1999

Decided: April 28, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by published opinion. Judge Michael wrote the opinion, in
which Judge Williams and Judge King joined.

_____

COUNSEL

ARGUED: Tina Maria McMillan, MAYER & SCANLAN, P.C.,
Fairfax, Virginia, for Appellant. Mark Christian Orndorff, M. CHRIS-
TIAN ORNDORFF, P.C., Falls Church, Virginia, for Appellee. **ON**

**BRIEF:** Robert G. Mayer, ROBERT G. MAYER, P.C., Fairfax, Virginia, for Appellant.

_____

## OPINION

MICHAEL, Circuit Judge:

Quy Van Nguyen, a Chapter 7 debtor domiciled in the Commonwealth of Virginia, was required to adhere to Virginia's bankruptcy exemption scheme. The trustee in the bankruptcy proceeding objected, on grounds of untimeliness, to Nguyen's claim for a homestead exemption. The bankruptcy court denied the objection, and the district court affirmed. We also affirm, holding (1) that Virginia law, not the Federal Rules of Bankruptcy Procedure, controls the computation of the time allowed a Virginia debtor to claim a homestead exemption and (2) that under Virginia law a debtor has "set apart" property claimed as exempt once he has delivered a properly executed homestead deed, with fees paid, to the appropriate clerk.

I.

The facts are undisputed. Quy Van Nguyen filed for Chapter 7 bankruptcy in the Eastern District of Virginia on August 29, 1997. In his Schedule C, Nguyen claimed the following property as exempt from the bankruptcy estate: his clothing valued at $500, his watch at $20, and his 1992 Acura automobile at $6,000. The first meeting of creditors was held on the date initially set, October 1, 1997. During the meeting the trustee reviewed Nguyen's petition and schedules, including his Schedule C. That same day (October 1, 1997) Nguyen took steps to perfect his exemption on the automobile by executing a homestead deed and mailing it with a check for recording fees to the Clerk of the Fairfax County, Virginia, Circuit Court by certified mail, return receipt requested. Although the deed was received by the clerk on Friday, October 3, 1997, it was not date-stamped as admitted to record until Tuesday, October 7, 1997. The trustee objected to the homestead exemption, arguing that the failure to admit the deed to record within five days of the date initially set for the first meeting of creditors made the exemption claim untimely under the Virginia

2

law governing exemptions in bankruptcy. <u>See</u> Va. Code Ann. § 34-17. The bankruptcy court denied the objection, the district court affirmed, and the trustee now appeals.

Upon the filing of a petition for bankruptcy, all of the debtor's legal and equitable interests in property become part of the bankruptcy estate. <u>See</u> 11 U.S.C. § 541. The debtor may, however, claim certain real and personal property as exempt from the estate. <u>See id.</u> § 522(b). If a state chooses to opt out of the federal exemption scheme detailed in 11 U.S.C. § 522(d), "any property that is exempt under . . . State or local law" is excluded from the estate. <u>Id.</u> § 522(b)(2)(A). <u>See also Zimmerman v. Morgan</u>, 689 F.2d 471, 472 (4th Cir. 1982). Because the Commonwealth of Virginia has opted out of the federal exemption scheme, <u>see</u> Va. Code Ann. § 34-3.1,**1** Nguyen had to claim his exemptions in compliance with Virginia law. <u>See Morgan</u>, 689 F.2d at 472. Nguyen was able to claim $2,000 of the value of his automobile as exempt from creditor process under the poor debtor's exemption, Va. Code Ann. § 34-26(8), and the balance of its value, $4,000, under the homestead exemption, Va. Code Ann.§ 34-4. Property claimed under the homestead exemption (but not under the poor debtor's exemption) must be "set apart" in a signed writing that designates and describes the property with reasonable certainty and states its value. <u>See</u> Va. Code Ann. § 34-14. That writing "shall be admitted to record, to be recorded as deeds are recorded in the county or city where the [debtor] resides." <u>Id.</u> To claim a homestead exemption in bankruptcy, a Virginia debtor must set the property apart no later than the fifth day after the date initially set for the first meeting of creditors held pursuant to 11 U.S.C. § 341. <u>See</u> Va. Code Ann. § 34-17.

We are presented with two issues in this appeal. First, we decide whether Virginia law or the Bankruptcy Rules should govern the computation of the five-day period allowed in Va. Code Ann. § 34-17

_____

**1** Virginia's opt-out provision reads:

> No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of the Bankruptcy Reform Act (Public Law 95-598) except as may otherwise be expressly permitted under this title.

Va. Code Ann. § 34-3.1.

for setting apart exempt property in bankruptcy. We conclude that Virginia law governs for reasons we explain later. Second, we decide what a debtor must do to "set apart" property claimed under the homestead exemption allowed by Va. Code Ann. § 34-14. The trustee has maintained throughout (1) that property is not set apart until the writing that describes the property (the homestead deed) has been admitted to record and (2) that the deed is not admitted to record until the clerk has determined that all prerequisites have been satisfied and he has stamped on the deed itself the date and time of his decision to admit the document to record. Under this argument Nguyen's interest in $4,000 of his automobile was not set apart until October 7, 1997, and his homestead exemption would be untimely. After conducting a thorough review of the Virginia cases concerning the recording of deeds, the bankruptcy court disagreed with the second half of the trustee's argument. It held that "if no deficiencies exist as to a deed's form or in the fees tendered, a homestead deed is admitted to record when properly received by the clerk's office." In re Nguyen, 226 B.R. 547, 551 (Bankr. E.D. Va. 1998). The district court affirmed, though it noted that it would be unreasonable "to assume that a busy court can guarantee `same day service' to eleventh-hour filers." Mayer v. Nguyen, Civ. Action No. 98-1814-A, order at 4-5 (E.D. Va. Apr. 16, 1999). We affirm the decisions of the bankruptcy and district courts, but on slightly different reasoning. We hold that the writing required by Va. Code Ann. § 34-14 need not actually be admitted to record for property to be "set apart" in bankruptcy. **2** Rather, under Virginia law a debtor has "set apart" property claimed as exempt once he has delivered a properly executed homestead deed, with fees paid, to the appropriate clerk. We go now to the details.

II.

The computation of time issue is first. Because Virginia law includes Saturday and Sunday in the five-day count, see Va. Code Ann. §§ 1-13.3, 1-13.3:1, the trustee argues that Nguyen set apart the

_____

**2** For purposes of this appeal we assume, but do not decide, that Nguyen's homestead deed was not "admitted to record" until the clerk time- and date-stamped the deed. We express no opinion as to what conditions must be satisfied before a deed should be deemed admitted to record under Virginia law.

4

property claimed as exempt one day too late. The trustee concedes, however, that if the Federal Bankruptcy Rules, rather than Virginia law, determine the computation of the five days, Nguyen's exemption was timely claimed. See Fed. R. Bankr. P. 9006(a) (excluding Saturdays, Sundays, and legal holidays from computation of time when period prescribed or allowed is shorter than eight days). Thus, the threshold question is one of choice of law. Normally, of course, the federal courts apply federal procedural law whether they are deciding state or federal questions. That has not always been the case. From 1789 until 1938 federal courts in actions at law applied the procedural rules of the states where they were seated. See Process Act of 1789, c. 21, § 2, 1 Stat. 93 (Sept. 29, 1789); Act Aug. 23, 1842, c. 188, § 6, 5 Stat. 516, 518; Act June 1, 1872, c. 255, § 5, 17 Stat. 197; 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1002 (2d ed. 1987).[3] Not until the adoption of the Federal Rules of Civil Procedure in 1938 was the federal practice of conformity with relevant state procedure replaced by a system of uniform federal procedure. Still, in the few instances where it sees fit, Congress may bypass the federal rules and require the federal courts to apply state procedure. See, e.g., Fed. R. Evid. 601 (competence of witnesses in certain civil proceedings determined by state law). As we will explain, Congress has opted for conformity with state procedure when bankruptcy exemptions are claimed under state law. The Virginia rule for computing time therefore governs.

By its own terms Bankruptcy Rule 9006 determines the computation of "any period of time prescribed by . . . any applicable statute." Fed. R. Bankr. P. 9006(a). In addition, Rule 1001 states that the Bankruptcy Rules "govern procedure in cases under Title 11 of the United States Code." Fed. R. Bankr. P. 1001. Standing alone, this language would seem to resolve the controversy. However, Section 522(b) of the Bankruptcy Code permits a state to opt out of the federal scheme of exemptions provided in section 522(d), in which case the exemptions available to a debtor are specified by state law. The longstanding consensus in this circuit is that when Congress allowed the states to

_____

[3] Uniform rules of procedure for federal equity cases were not promulgated until 1822. See Process Act of 1792, c. 36, § 2, 1 Stat. 275, 276 (May 8, 1792); 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1002 (2d ed. 1987).

5

specify bankruptcy exemptions, it permitted the states to determine both the substance of those exemptions and the procedure by which they are claimed. See, e.g., Morgan 689 F.2d at 472; Dominion Bank of the Cumberlands, NA v. Nuckolls, 780 F.2d 408, 417 (4th Cir. 1985) (Hoffman, D.J., concurring specially); In re Pinner, 146 B.R. 659, 660 (Bankr. E.D.N.C. 1992); In re Edwards , 105 B.R. 10, 12 (Bankr. W.D. Va. 1989); In re Lamm, 47 B.R. 364, 366 n.1 (E.D. Va. 1984); In re Swift, 96 F. Supp. 44, 46 (W.D. Va. 1950); In re Robinette, 34 F. Supp. 518, 521 (W.D. Va. 1932). For example, in Morgan the Virginia debtor claimed an exemption for personal property but recorded his homestead deed in the wrong county. When the trustee challenged the exemption, the debtor argued that state law determined only the nature and amount of property that may be exempted, while federal law provided the procedure for claiming the exemption. See 11 U.S.C. § 522(l) (requiring debtor to file list of property claimed as exempt). We disagreed. We recognized, of course, that under the clear language of the Bankruptcy Code a debtor (in an opt-out state) is entitled to exclude from the bankruptcy estate "any property that is exempt under . . . State or local law." Id. § (b)(2)(A). But "[f]or property to be exempt under state or local law, it must be claimed in the manner prescribed by those laws." Morgan, 689 F.2d at 472. See also White v. Stump, 266 U.S. 310, 314 (1924). By failing to record his homestead deed in the place required by state law, the debtor in Morgan forfeited the right to claim the exemption in the federal bankruptcy proceeding.

The "manner prescribed" for claiming a homestead exemption is set out in Va. Code Ann. §§ 34-6, 34-14, 34-17. These sections establish the time allowed for setting apart the property, the place where the debtor must file the writing describing the property, and the form and content of that writing. Morgan makes clear that a debtor must satisfy these state procedural requirements in order to perfect a homestead exemption in bankruptcy. In other words, Morgan establishes that when a state opts out of the federal exemption scheme, the debtor's right to an exemption is subject to state rules of procedure. See Morgan, 689 F.2d at 472; see also Dominion Bank, 780 F.2d at 417 (Hoffman, D.J., concurring specially) ("[Morgan] rested on Virginia's having opted out because, by so doing, bankruptcy exemptions depend on Virginia law both for substance and for procedure."); In re Pinner, 146 B.R. at 660 (noting that exemptions of bankruptcy debt-

6

ors in North Carolina depend on state law for both substance and procedure); In re Swift, 96 F. Supp. at 46 (holding that Virginia statute limiting time to set apart homestead exemption permissibly regulated procedure in bankruptcy). But cf. Matter of Crowell, 138 F.3d 1031, 1035 (5th Cir. 1998) (holding that the Bankruptcy Code "should not be understood to force bankruptcy courts to use state-law procedures and state-law actors" to determine what portion of a debtor's real property is an exempt homestead). Moreover, the meaning of the procedural rules for claiming an exemption must be determined by reference to state law. See Morgan, 389 F.2d at 472; LaFortune v. Naval Weapons Ctr. Fed. Credit Union, 652 F.2d 842, 846 (9th Cir. 1981).

We therefore look to Virginia law to decide how to count the days in applying the term "set . . . apart on or before the fifth day" in Va. Code Ann. § 34-17. The answer is clear. Virginia law provides that in computing a prescribed period of five days, intervening Saturdays, Sundays, and legal holidays are included. See Va. Code Ann. §§ 1-13.3, 1-13.3:1; In re Bernstein, 189 B.R. 113, 114-15 (Bankr. W.D. Va. 1995); In re Haynesworth, 145 B.R. 222, 226 (Bankr. E.D. Va. 1992). This means that the debtor in this case had five days from Wednesday, October 1, 1997, to "set apart" his automobile. Because the intervening Saturday and Sunday must be counted, his time expired on Monday, October 6, 1997. We must therefore decide whether the debtor met the October 6, 1997, deadline.

III.

As we have already said, a debtor must set apart any property claimed under the homestead exemption no later than the fifth day after the date initially set for the creditors meeting required by § 341 of the Bankruptcy Code. See Va. Code Ann.§ 34-17. In addition to establishing this time limit for setting apart personal property claimed as exempt, Virginia law also provides the process for claiming the exemption. The personal property selected for exemption by the debtor

> shall be set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart each parcel or article, affixing to each his cash valuation thereof. Such writing

7

> shall be admitted to record, to be recorded as deeds are
> recorded in the county or city wherein such [debtor] resides.

Va. Code Ann. § 34-14. (The writing is usually called a homestead deed. See id.) The trustee argues (1) that property claimed under a homestead deed is not "set apart" until it has been admitted to record and (2) that such a deed is not admitted to record until the clerk has actually time- and date-stamped it. Because Nguyen's homestead deed was not clocked in until October 7, 1997, the trustee maintains that Nguyen failed to set apart his Acura within five days of the October 1 creditors meeting. Nguyen counters that his automobile was set apart when he did all that was required of him before the statutory time expired and that he should not be forced to bear the consequences of the clerk's delay in recording the deed. We agree with Nguyen. As we will spell out, his automobile was set apart under §§ 34-14 and 34-17 when the clerk received the homestead deed in proper form with fees paid on October 3, 1997, well before the fifth day after the creditors meeting. The exemption was therefore claimed in a timely manner.

Generally, statutes creating debtors' exemptions must be construed liberally in favor of the debtor and the exemption. See Shirkey v. Leake, 715 F.2d 859, 862 (4th Cir. 1983); Cheeseman v. Nachman, 656 F.2d 60, 63 (4th Cir. 1981). Nevertheless, the debtor must comply with procedural requirements, in this case those of § 34-17. See e.g., Morgan, 689 F.2d at 472 (disallowing exemption when debtor timely filed in wrong place); In re Tate, 41 B.R. 946 (Bankr. W.D. Va. 1984) (same). But see In re Davies, 96 F. Supp. 416, 419-20 (W.D. Va. 1949) (holding that bankruptcy court had equitable discretion to allow exemption even though homestead deed was recorded one day late). It is not enough to comply with the filing provisions of the Bankruptcy Code; the deed must be filed in the manner prescribed by state statute. See Morgan, 689 F.2d at 472; In re Garner, 115 F. 200, 202 (W.D. Va. 1902).

In reading §§ 34-14 and 34-17 of the Virginia Code, we cannot agree with the trustee's contention that property claimed as exempt is not "set apart" until the deed has actually been admitted to record. Section 34-17 says nothing about admission to record. Instead, it requires the debtor to "set apart" his property no later than the fifth

8

day after the date initially set for the § 341 creditors meeting. See Va. Code Ann. § 34-17. Although neither the statute nor Virginia case law provides any direct guidance on the meaning of "set apart," we find some direction in the language of § 34-14. That section, captioned "How set apart in personal estate; form to claim exemption of personal property," requires that the property claimed as exempt "be set apart in a writing signed by [the debtor]." Va. Code Ann. § 34-14. After prescribing the form and content of the writing, § 34-14 states that it "shall be admitted to record, to be recorded as deeds are recorded." Thus, § 34-14 imposes two distinct requirements: (1) the debtor must describe the property in a particular writing and (2) the writing must be admitted to record.

Because § 34-14 uses the passive voice ("shall be admitted to record"), it does not say who ultimately bears the obligation to see that the homestead deed is in fact admitted to record. The trustee has argued that this obligation falls exclusively on the debtor. We disagree. Of course, the deed cannot be admitted to record, and the statute cannot be complied with, unless the debtor files the deed in the proper form with the proper clerk. Once the debtor has done that, however, the duty to "admit[ ] [the writing] to record, to be recorded as deeds are recorded" is exclusively the duty of the clerk. As the Virginia Supreme Court observed in a case where the buyer had delivered his deed (for 500 acres) to the clerk for recording and the clerk misplaced the deed:

> The words in [the 1819 act regulating conveyances], "and recorded according to the directions of this act," . . . impose[ ] no farther duty on the vendee in order to protect and secure his title. Nor would that construction be tolerated, which would make it depend on the acts or omissions of the clerk over whom he has no control, and with whom the law compels him to deposit his deed. A different construction would be attended with great mischief. The act having prescribed no time to the clerk to record a deed by spreading it on the record, its validity would be fluctuating and uncertain, and the object of the act defeated.

Beverly v. Ellis, 22 Va. 46, 48, 1 Rand. 102, 106-10 (1822). Cf. also Virginia Bldg. & Loan Ass'n v. Glenn, 39 S.E. 136, 140 (Va. 1901)

9

("[Grantee] had done all the law required when its deed was left with the clerk for recordation and in a condition to be recorded."); Thomas v. Stuart's Ex'r, 22 S.E. 511 (Va. 1895) (holding that grantee who "delivered the deed in proper form, duly and legally acknowledged, to clerk of proper office for recordation" had done "all he could do, and all the law required him to do," and deed would not be voided by clerk's mistake in transcription).

Identical concerns are present in this case, where Nguyen filed his homestead deed with the proper clerk three days before the statutory deadline. Because the homestead exemption statute also "prescribes no time to the clerk to record a deed," allowing the validity of the exemption to depend on the diligence and speed of the clerk would impose unfair burdens on debtors. Indeed, it would undermine the homestead exemption's beneficent goal of insuring "an unfortunate debtor and his equally unfortunate, but more helpless, family a means of shelter and a measure of existence." Goldburg Co. v. Salyer, 50 S.E.2d 272, 274 (Va. 1948). Furthermore, once a properly filed deed has been submitted to the clerk, admission to record is a purely ministerial task. The clerk has no discretion to refuse to admit a properly filed deed to record. See Va. Code Ann. § 17.1-223 (describing duty of clerk to record writings that satisfy certain formalities); Fooshee v. Snavely, 58 F.2d 774, 777 (4th Cir. 1932) ("Had the deed been properly presented for recordation, it would have been the duty of the clerk at once to admit it to the record, and no act of the clerk would, in any way, have affected that fact.") (dictum).

In construing § 34-14, we are especially mindful that the purposes of the recording requirement for homestead exemptions are quite different from the purposes of recording requirements in conveyancing.[4] The significance of the recording requirement for homestead deeds

_____

[4] We note that an entirely different provision, Va. Code Ann. § 55-96, governs the recording of instruments that convey an interest in real property. The language of that provision differs significantly from the language of § 34-14. Section 55-96 states that any deed or contract conveying real property "shall be void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors, until and except from the time it is duly admitted to record." Va. Code Ann. § 55-96.

rests not on concerns about notice or priority of interest, but rather on the fact that the homestead exemption has a lifetime aggregate limit of $5,000. See Va. Code Ann. § 34-21. The recording requirement gives creditors a simple means of determining whether the limit has been exceeded. See, e.g., In re Emerson , 129 B.R. 82, 83-84 (Bankr. W.D. Va. 1991). Unlike the recording of a deed in conveyancing, the recording of a homestead deed neither establishes priority of interest nor provides lien notice to third parties. Indeed, in the case of the homestead exemption, creditors and other interested parties have no reason to race the debtor to the courthouse because the exemption may be claimed after a debt has been incurred, or even after it has been reduced to judgment and execution issued. See Va. Code Ann. § 34-17; Wilson v. Virginia Nat'l Bank, 196 S.E.2d 920, 921 (Va. 1973); Shirkey, 715 F.2d at 862; In re Franklin, 214 B.R. at 833. Thus, the clerk's delay in recording a properly filed homestead deed has no effect on its priority over other interests, regardless of when they are recorded. For identical reasons, potential creditors cannot rely on the homestead deed recording process to determine whether the debtor's assets are unencumbered. Concerns about notice are further mitigated in the bankruptcy context, where the debtor is required to file his list of claimed exemptions in the bankruptcy court, as was done here. See 11 U.S.C. § 522(l ).

Of course, the delay or omissions of the clerk may not be attributed to the trustee, who is as blameless as the debtor. In this case, however, the trustee had actual notice of the debtor's intent to claim a homestead exemption, and the debtor filed his homestead deed within the time allowed by § 34-17. Under such circumstances, imputing the clerk's recording delay to the debtor imposes an arbitrary forfeiture on the debtor and grants a windfall to the trustee. There is no indication that the Virginia General Assembly intended such an inequitable result. In light of the remedial purposes of the homestead exemption and the rule that the exemption statutes should be construed liberally in favor of the debtor, we do not interpret §§ 34-14 and 34-17 to require that a homestead deed be actually admitted to record before the exemption may be claimed in bankruptcy. Thus, when a debtor has filed a homestead deed in proper form with the right clerk, with fees paid, all prior to the deadline established by§ 34-17, the debtor has "set apart" his property for purposes of §§ 34-14 and 34-17. In

11

this case, Nguyen did all of this, and the bankruptcy and district courts were correct in allowing his homestead exemption.

The district court's order is

AFFIRMED.

12