### In re Carter Elliott NEAL, Andrea Leigh Neal, Debtors.

#### No. 03–03439–WSA.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

March 19, 2004.

---

John Edward Jessee, Jessee & Read, Abingdon, VA, for Debtors.

## MEMORANDUM DECISION

WILLIAM F. STONE, JR., Bankruptcy Judge.

The issue before the Court is the Chapter 7 Trustee's Objection to the Debtors' Claim of Exemption for a disability income insurance policy from which Ms. Neal is collecting a monthly benefit by reason of her disability retirement from her former

employer. KPMG, LLP as a result of a serious and chronic disease to which she fell victim during her employment with that company. The Debtors have claimed entitlement to the exemption upon several legal grounds. Because the Court concludes that such exemption is secured under the provisions of section 38.2–3406 of the Code of Virginia for the reasons hereafter stated, there is no need to consider alternate grounds.

## FACTS

While the Debtors were residing in or near Richmond, Virginia Ms. Neal obtained a job with the Washington, D.C. office of KPMG, LLP, a nationally known accounting firm. About two months after obtaining this job, Ms. Neal moved to a Maryland suburb of the District and lived there until she had to cease work by reason of her health. One of the benefits to which she became entitled when she became a KPMG employee was a long term disability benefit provided by a group policy with Metropolitan Life Insurance Company ("MetLife"), which issued a Certificate of Insurance for the KPMG employees injured under the employer's written benefit plan. This plan provided in general terms that an employee who had to leave employment as a result of a long term disability would receive 2/3rds of his or her monthly earnings up to a maximum of $22,500 per month, which yields a maximum possible benefit of $15,000 per month. The maximum duration of this benefit is the employee's 65th birthday. In the event that the insured individual dies while collecting benefits under the policy, her surviving spouse, or if none, her surviving unmarried children under the age of 25 receive a "survivor's benefit" equal to twelve months of the benefit payment that the insured individual was receiving at the time of death.

Ms. Neal testified, over the Trustee's objection, that it was her understanding that she had become insured under this policy and had received a certificate of insurance while she was living in Virginia before her move to Maryland. She further testified that she had moved back to Virginia by the time she started to receive benefits under the long term disability policy. The Trustee asserted that the MetLife insurance policy was issued and delivered to KPMG in the State of New Jersey, but the Court has not found evidence to that effect. It is true that Montvale, New Jersey is shown as the address of the employer and plan administrator, both KPMG, but the policy does not state where it was actually delivered to KPMG. The actual policy of insurance was not introduced into evidence, but the Certificate of Insurance was and it provided, "The Group Policy is delivered in and administered according to the laws of the governing jurisdiction." The Certificate does not specify, however, what the "governing jurisdiction" is and the Court has no other evidence before it which would answer that question, but the Court suspects that each certificate of insurance delivered to a KPMG employee is governed by the law of where that delivery takes place. From the evidence before the Court, it is unable to make any finding of fact as to where the policy in question was delivered, but it does find that Ms. Neal's copy of the Certificate of Insurance was delivered to her in Virginia.

The Debtors assert that the long term disability policy issued by MetLife is a policy of "accident and sickness insurance" as defined in section 38.2–109 of the Code of Virginia and that Ms. Neal's benefits under the policy are exempt from creditors under the provisions of Va.Code § 38.2–3406, which provides as follows:

The installment payments to the holder of any accident and sickness insurance

policy or certificate shall not be subject to the lien of any attachment, garnishment proceeding, writ of fieri facias, or to levy or distress in any manner for any debt due by the holder of the policy or certificate.

The Trustee asserts that this section is not applicable to the insurance coverage which the Debtors are claiming as exempt on the following grounds:

1.  The section only applies to policies "delivered or issued for delivery in the Commonwealth of Virginia" and the policy in question was not delivered or issued to be delivered in Virginia.

2.  The statute by its own terms does not apply "because the Trustee is now the holder of the policy by operation of bankruptcy law."

3.  The statute is applicable to accident and sickness insurance policies, which he asserts does not include disability income policies and therefore provides no exemption from the claims of creditors.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by reason of the provisions of 28 U.S.C. § 1334(a) and 157(A) and the delegation made to this Court by Order of the District Court on July 24, 1984. This matter is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

■ Section 541 of the Bankruptcy Code provides, with certain exceptions not relevant to the present case, that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 522 of the Code provides that a bankruptcy debtor is entitled to keep certain property as exempt from the claims of creditors even though the property is property of the bankruptcy estate under section 541. Virginia has "opted out" of

the general exemption scheme provided by the Bankruptcy Code, as permitted by 11 U.S.C. § 522(b)(1), which results in Virginia bankruptcy debtors being entitled to whatever property exemptions from the claims of creditors that they would be entitled to outside of bankruptcy under nonbankruptcy substantive law. 11 U.S.C. § 522(b)(2)(A); Va.Code § 34–3.1 (Repl. Vol.1996). The debtor is required in a bankruptcy case to file a list of the property claimed as exempt, and unless a party in interest objects, "the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). If a party in interest does object, he or she has "the burden of proving that the exemptions are not properly claimed." Federal Rule of Bankruptcy Procedure 4003(c). It is an universally recognized principle in bankruptcy decisions that exemption laws are to be construed liberally in favor bankruptcy debtors, *Mayer v. Quy Van Nguyen*, 211 F.3d 105 (4th Cir.2000). The Trustee does not challenge the timeliness or sufficiency of the Debtors' claim of exemption under Va. Code § 38.2–3406, he simply denies that such statute is applicable to the policy from which Ms. Neal is currently collecting benefits. The Court concludes that he is mistaken in that contention for the following reasons:

■ 1. As noted previously in the Facts portion of this Decision, there is no evidence before the Court which enables it to find that the master policy issued for the benefit of KPMG employees was or was not issued in Virginia. It was the Trustee's responsibility, if he wished to challenge the claim of exemption, to prove that the policy was not issued in Virginia, not the Debtors responsibility to prove that it was. Furthermore, it is the Court's conclusion that the Virginia statute applies to any individual certificate of insurance issued for delivery in Virginia for the ben-

efit of an insured employee, whether or not the master insurance policy was issued somewhere else or the job site was located within or without the Commonwealth. To determine otherwise would render illusory the protection which the Virginia legislature no doubt intended to provide to its citizens.

■ 2. Section 38.2–3406 of the Virginia Code is within that chapter (35) of the insurance title (i.e., 38.2) of the Code which relates to "accident and sickness insurance". Such insurance is defined in section 38.2–109 of such Code to mean "insurance against loss resulting from sickness, or from bodily injury or death by accident or accidental means, or from a combination of any or all of these perils." Chapter 35 expressly provides that it does not apply to "life insurance or annuities". Va.Code § 38.2–3400(B)(4) (Repl Vol.2002). "Life insurance" is defined in section 38.2–102 to mean "insurance upon the lives of human beings" and includes "policies that also provide ... an annuity, in the event of total and permanent disability of the insured". Section 38.2–106 defines "annuities" to mean "all agreements to make periodic payments in specified or calculable sums pursuant to the terms of a contract for a stated period of time or for the life of the person or persons specified in the contract."

In the case of *Gudnason v. Life Ins. Co. of North America*, 231 Va. 197, 343 S.E.2d 54 (1986), the Supreme Court of Virginia held that a policy of life insurance which paid a benefit only in the event of death by accidental means was not a policy of "life insurance" within the meaning of the definition in the Virginia Code, but rather was a policy of "accident and sickness insurance" under the Virginia Code definition. In doing so it stated that life insurance "means insurance against death regardless of cause." 343 S.E.2d at 58. On the other

hand, when "coverage was limited to death by accident; the accident was the event insured against, and death was merely one class of injury for which benefits would be paid." *Id.* Similarly, in the case before this Court, the event or loss insured against was that of loss of earned income as a result of sickness or accident. The only death benefit provided by the policy is a very limited one payable only if the insured is receiving payments at the time of death and leaves a "survivor" as defined in the policy. Accordingly, it does not provide coverage for death from any cause and cannot be considered a policy of "life insurance" within the meaning of the Virginia Code. Under that statutory definition a policy of life insurance may also provide for an annuity payable in the event of total and permanent disability, but it first must at the minimum provide "insurance upon the lives of human beings" The Court believes that the same rationale is applicable to distinguish the long term disability benefit provided by the MetLife policy from the definition of "annuities" at Va.Code § 38.2–106, which refers to "agreements to make periodic payments ... for a stated period of time or for the life of the person or persons specified in the contract." The payment of the disability benefit is a periodic payment but it is not definitely paid for either a specific period of time or for the annuitant's lifetime. It is paid for so long as the insured person continues to meet the definition of disability contained in the policy, not to exceed the insured's 65th birthday or his or her death. The Court construes the term "stated period of time" contained in the statute to be a specific number of years or months, such as a monthly benefit paid for a term of ten years, or one payable for the annuitant's lifetime with a minimum of ten years of payments guaranteed. The disability benefit at issue here clearly comes within the statutory definition of "accident and sick-

ness insurance" in that it is "insurance against loss [e.g., loss of earned income] resulting from sickness". Va.Code § 38.2–109.

The Court recognizes that a sentence in the decision of the Eastern District of Virginia in the case of *Whitlinger v. Continental Casualty Co.*, 129 F.Supp.2d 924 (E.D.Va.2001) might be construed as suggesting a contrary interpretation of the statute. That sentence reads:

> On its face, this statute [§ 38.2–3406] applies to liens and levies under accident and sickness insurance policies, and not to a setoff/reimbursement provision is a disability insurance policy such as the one at issue in the instant case.

129 F.Supp.2d at 935. It is clear that the language of the statute did relate to possible claims against benefits by the recipients's creditors in general who had a claim as a result of a judgment or landlord's right of "distress", not to dispute between the insurer and the recipient as to what amount was actually due under the policy. That was all which was necessary for the Court to decide. In considering the language used in this District Court's opinion it is important to note that most of the opinion dealt with an interpretation of Va. Code § 38.2–3405, which dealt with a particular type of "accident and sickness insurance" policy, not to all such policies, and which the Court very thoroughly explained was not applicable to a disability income insurance policy. In summary, while the language used by the Court could be interpreted as making a distinction between "accident and sickness insurance" policies and disability income policies, this Court believes that the proper interpretation is simply that the language of § 38.2–3406 is not applicable to a "setoff/reimbursement" dispute between the insurer and its insured as to the amount correctly paid or payable under the policy.

The Trustee's argument that by operation of bankruptcy law he is now the "holder" of the insurance certificate or coverage and therefore the statute doesn't protect the Debtors is simply playing a game with words. It is clear that outside of bankruptcy Ms. Neal's benefits under the MetLife policy are exempt from the claims of her creditors. It is further clear that the purpose of section 522 of the Bankruptcy Code, when the debtor's state has opted out of the federal bankruptcy exemption scheme, as Virginia has done, is to assure that a bankruptcy debtor will enjoy the same protection from creditors in bankruptcy as would be the case outside of such a proceeding. Accordingly, this argument advanced by the Trustee has no merit.

Having concluded that all of the arguments advanced by the Trustee against the claim of exemption to the MetLife policy are either unsupported by evidence or without merit or both, by separate order the Court will overrule the Trustee's Objection and sustain the claim of exemption.