**In re Johnny Franklin ALLEY,
Rhonda Caudill Alley,
Debtors.**

No. 06–70118.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Nov. 8, 2006.

Phillip Edward Brown, Roanoke, VA, for Debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Roanoke in said District this 8th day of November, 2006:

The matter before the court arises as a result of the objection to debtors' claim of homestead exemption by George A. McLean, Jr., Trustee (herein the Trustee). The issue for decision is whether the debtors complied with the requirements of Code of Virginia, § 34–17.[1] For the reasons stated in this decision and order, the court holds that the debtors set aside their claim exemptions in a timely fashion. Accordingly, the Trustee's objection will be overruled and the claimed homestead will be set apart to the debtors.

### Facts:

On February 15, 2006, Johnny and Rhonda Alley (herein the Debtors) filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code. An order for relief was entered and George A. McLean, Jr. qualified as Chapter 7 Trustee. The section 341 meeting of creditors occurred on March 16, 2006. At that time, the Debtors had not filed a homestead deed to perfect exemptions claimed on Schedule C of their bankruptcy schedules.[2] However, immediately following the meeting of creditors each Debtor executed a homestead deed for recordation in Pulaski County Circuit Court (herein Pulaski County). Debtors' counsel mailed properly executed deeds and checks for the required recordation fees by overnight mail to Pulaski County and these documents were received for recordation on March 17, 2006, at 2:30 P.M. Unknown to Debtors' counsel, Pulaski County adopted a local rule which required that a cover page accompany deeds. Because Debtors' counsel did not provide the required cover page, Pulaski County, three days after receiving the homestead deeds and filing fees, returned them to Debtors' counsel and advised Debtors' counsel that they had not been recorded because of the lack of the required cover page. On March 22, 2006, Debtors' counsel received the deeds back from Pulaski County. He immediately added the required cover pages and delivered, by hand, the documents to Pulaski County on March 22, 2006. The homestead deeds were recorded on that date.

### Law and Discussion:

This court has jurisdiction over the parties and the subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334. It is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and venue is proper in this district under 28 U.S.C. § 1409(a).

---

1. Code of Virginia, § 34–17 requires that the debtors "shall set such real or personal property apart on or before the fifth day after the date for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter."

2. Claiming and perfecting the exemptions is a two-part process. For Federal bankruptcy purposes, the debtors must list the claimed exemptions on Schedule C. *See*, Bankruptcy Rule 4003. To perfect the claimed exemptions and exclude them from the claims of creditors, the debtors must comply with Title 34 of the Code of Virginia.

■ Under 11 U.S.C. § 522(b)(2), debtors may exempt the property specified under 11 U.S.C. § 522(d) (the Federal exemptions), "unless the State Law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." In the case at bar, the applicable state law is Virginia. The Virginia legislature opted out of the federal exemption provided in 11 U.S.C. § 522(b)(1) and (d).[3]

The exemptions created by Code of Virginia, § 34–4 describe the property and value thereof which debtors in Virginia may claim as exempt. In the case at bar, the Debtors claimed both real and personal property as exempt. Code of Virginia, § 34–6 describes how an exemption of real estate may be claimed. Code of Virginia, § 34–14 describes how debtors may set apart personal property as exempt from the claims creditors.[4] In both section 34–6 and section 34–14, a form is provided for the claimant's use and the Code specifically provides that the form, "or one which is substantially similar, shall be used and shall be sufficient, when duly admitted to record ... to exempt such described personal property from creditor process...." The Debtors used format substantially similar to the prescribed form in the Code of Virginia.

The Trustee's argument is simple and straightforward. He states that under section 34–17 the Debtors had five days after the section 341 meeting to set apart their claimed exemption and that they did not do so because their homestead deeds were not recorded by Pulaski County until March 22, 2006, the sixth day following the section 341 meeting. He concludes that the assets claimed as exempt on Schedule C are property of the estate which he should administer for the benefit of creditors.

The Debtors argue that they did, in fact, "set apart" their property claimed as exempt pursuant to the Code of Virginia notwithstanding the recordation of the homestead deeds six days after the conclusion of the section 341 meeting.[5]

Code of Virginia, § 34–17 requires that "[t]o claim an exemption in bankruptcy, a householder ... shall set such real or personal property apart on or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341, but not thereafter." Code of Virginia, § 34–17 does not define "set apart" to include recordation of the homestead deed on or before the fifth day after the section 341 meeting. Both Code of Virginia § 34–6 (pertaining to real estate) and § 34–14 (pertaining to personal property) describe what a debtor is required to do to "claim exemptions." But, they differ in language. For example, sec-

---

3. *See,* Code of Virginia § 34–3.1.

4. With respect to real estate, section 34–6 states: "[i]n order to secure the benefit of the exemptions of real estate under section 34–4 and section 34–4.1, the householder, by a writing signed by him and duly admitted to record, ... shall declare his intention to claim such benefit and select and set apart the real estate to be held by the householder as exempt, and describe the same with reasonable certainty, affixing to the description his cash valuation of the estate so selected and set apart."

Code of Virginia, § 34–14 states: "Such personal estate selected by the householder and under section 34–4, 34–4.1, or section 34–13 shall be set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof. Such writing shall be admitted to record, to be recorded as deeds are recorded in the county or city wherein such householder resides."

5. But for Pulaski's local rule requiring a cover sheet, the homestead deeds would have been recorded within the time prescribed by the Code of Virginia.

tion 34–6 states, "[i]n order to secure the benefit of the exemptions of real estate . . . the householder, by a writing signed by him and duly admitted to record, . . . shall declare his intention to claim such benefit and select and set apart the real estate. . . ." Thus, it would appear that in order to secure the benefit with respect to real estate, a debtor must both sign and record the writing. With respect to personal property, section 34–14 states, "[S]uch personal estate selected by the householder . . . shall be set apart in writing signed by him. . . . Such writing shall be admitted to record . . ." In section 34–14 the language of the Code would indicate that the debtor is to "set apart" personalty in a writing. The writing must be admitted to record.[6]

Code section 34–17 sets the deadline for the setting apart of the claimed exemptions. Read together sections 34–6, 34–14, and 34–17 require a writing and recordation.

*In re Nguyen*, 211 F.3d 105 (4th Cir. 2000), addressed the issue of timeliness of recordation. In *Nguyen*, the debtors executed a homestead and mailed it to the Clerk of the Circuit Court of Fairfax County with proper recording fees. The documents and filing fees were received by the Clerk of the Court two days after the section 341 meeting of creditors was held. However, the Clerk of the Circuit Court of Fairfax County did not record the homestead deed until six days after the section 341 meeting. The trustee objected to the claimed exemption. As in the case at bar, the trustee in *Nguyen* maintained that the property claimed as exempt is not set apart until the writing that describes the property has been admitted to record and that the deed is not admitted to record

until the clerk determines that all the prerequisites have been satisfied and has stamped on the deed itself the date and time of the decision to admit the document to record. *Nguyen*, page 107. The objection was overruled by the bankruptcy court and the district court affirmed. The bankruptcy court held that "if no deficiencies exist as to a deed's form or in the fees tendered, a homestead deed is admitted to record when properly received by the clerk's office." *In re Nguyen*, 226 B.R. 547, 551 (Bankr.E.D.Va.1998).

Noting "slightly different reasoning", the Fourth Circuit affirmed the bankruptcy and district court: "[W]e hold that the writing required by Virginia Code Ann. § 34–14 need not actually be admitted to record for property to be 'set apart in bankruptcy.' Rather, under Virginia law a debtor has 'set apart' property claimed as exempt once he has delivered a properly executed homestead deed, with fees paid, to the appropriate clerk." *Nguyen* at 107–08. [citations omitted]

■ In this case, like *Nguyen*, the Debtors delivered properly executed homestead deeds and proper fees to the clerk in a timely fashion for perfection of their claim of homestead exemption. The troubling part in the case at bar is that Pulaski County adopted a local rule requiring a cover sheet as a prerequisite for recordation. This distinguishes *Nguyen* on the facts and requires this court to determine if the addition of the local rule warrants departure from the *Nguyen* holding.[7] Footnote 2 of the *Nguyen* decision states,

2. For purposes of this appeal we assume, but do not decide, that Nguyen's homestead deed was not 'admitted to record' until the clerk time and date

---

6. An argument can be made that with respect to personalty the "setting apart" is by a signed writing and the recordation is not required for the "setting apart."

7. Unlike the debtors in *Nguyen*, the Debtors in this case had an opportunity to control the timing of the recordation by knowing of the local rule in advance.

stamped the deed. We express no opinion as to what conditions must be satisfied before a deed should be deemed admitted to record under Virginia law. *Id.* at 108.

■ As noted in *Nguyen,* when a state opts out of the federal exemption scheme, a debtor's right to an exemption is subject to state rules of procedure. In examining Virginia state law on the issue of the authority of circuit courts to prescribe certain rules, the court's attention is drawn to the language of Code of Virginia, § 8.01–4:

> The ... circuit courts may, from time to time, prescribe rules for their respective ... circuits. Such rules shall be limited to those rules necessary to promote proper order and decorum and the efficient and safe use of courthouse facilities and clerk's offices. No rule of any such court shall be prescribed or enforced which is inconsistent with this statute or any other statutory provision, or the Rules of Supreme Court or contrary to the decided cases, or which has the effect of abridging substantive rights of persons before such court. Any rule of court which violates the provisions of this section shall be invalid.

In the case at bar, enforcement of the local rule to defeat the claim of the homestead exemption, otherwise properly claimed, would be inconsistent with the statutory provisions for claiming exemptions under Title 34 of the Virginia Code. It would also abridge the substantive rights of the Debtors.

### Conclusion:

Consistent with the holding in *Nguyen,* this court holds that the Debtors in the above-captioned case properly set apart the property they claimed as exempt under Virginia law once they delivered properly executed homestead deeds with fees paid to the Clerk of the Circuit Court of Pulaski County. This was accomplished by the Debtors within the time frame con-

templated by Code of Virginia, § 34–17 for perfection of the claim of the homestead exemption. Based upon the foregoing, it is

### ORDERED:

That the Trustee's objection to the claimed exemptions in the above-captioned case be, and it hereby is **OVERRULED** and the exemptions claimed by the Debtors in their homestead deeds shall be set apart to them as exempt under Virginia law.

Copies of this order are directed to be sent to George A. McLean, Jr., Trustee; and to Phillip E. Brown, Esquire, counsel to the Debtors.