In re Lori Ann **CONNER**, Debtor.

No. 09–50314.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

July 15, 2009.

James V. Doss, III, Lexington, VA, for Debtor.

## AMENDED DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on June 16, 2009 to consider the Chapter 7 Trustee's objection to the Debtor's claimed homestead exemption. By Decision and Order dated June 29, 2009, docket entry # 28, the Court sustained the Chapter 7 Trustee's objection to the claim of homestead exemption. The Decision and Order contained wording pertaining to the computation of time that is allowed the Debtor to claim the homestead exemption under Virginia law which was technically in error but which did not impact the substantive findings or ruling of law. The technical imperfection of the wording of the original Decision and Order does not change the outcome of the objection to claim of exemption. This Amended Decision and Order is issued solely to correct and clarify the nonsubstantive technical error in the original Decision and Order.

The Debtor filed a voluntary Chapter 7 petition with this Court on March 9, 2009. She has resided in the City of Buena Vista, Virginia throughout the entire bankruptcy case. The 11 U.S.C. § 341 meeting of the creditors occurred on April 7, 2009. At the § 341 meeting, it was discovered that the Debtor previously filed a homestead deed in the Circuit Court of Rockbridge County. The Trustee reserved the right to issue a notice of assets after the § 341 meeting, pending the Debtor's recordation of a homestead deed in the proper jurisdiction. On April 15, 2009, the Debtor recorded a homestead deed with the Circuit Court of the City of Buena Vista, Virginia. Pursuant to sections 34-4 and 34-13 of the Virginia Code, the Debtor exempted from creditors her cash on hand, checking and savings accounts, wedding rings, child support arrearages, and the remainder of her 2008 federal tax refund. The Trustee objected to the Debtor's homestead exemption on May 5, 2009 and issued a notice of assets to unsecured creditors on June 10, 2009.

Every householder in Virginia may hold exempt from creditors property not exceeding $5,000.00 in value. Va.Code Ann. § 34-4 (2009). Householders may exempt personal property by recording a homestead deed in the county or city wherein they reside. *Id.* §§ 34-13, -14. A householder in bankruptcy "shall set such real or personal property apart on or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341, but not thereafter." *Id.* § 34-17. The § 341 meeting is "held" as of the date upon which it is "actually concluded." *In re Shelton,* 343 B.R. 545, 548 (Bankr. W.D.Va.2006). A debtor has "set apart" property "when [he or she] has filed a homestead deed in proper form with the right clerk, with fees paid, all prior to the deadline established by § 34-17." *Mayer v. Nguyen (In re Nguyen),* 211 F.3d 105, 112 (4th Cir.2000).

Virginia law governs the method for computing the five-day period in the bankruptcy context. *Id.* at 109; *see generally* 11 U.S.C.A. § 522(b) (West 2009) (allowing a state to opt out of the federal scheme of exemptions provided in § 522(d)). The

**90**

day on which the § 341 meeting took place is not counted. Va.Code. Ann. § 1–210(A) (2009). Intervening Saturdays, Sundays, and legal holidays are included, however, when determining the length of legal periods. *Id.* § 1–210(B); *see Mayer,* 211 F.3d at 112 (*citing* Va.Code Ann. §§ 1–13:3, –13.1:1 (replaced by section 1–210 on October 1, 2005)). When the final day of a period "falls on a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed ... the action may be brought on the next day that is not a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed." Va.Code Ann. § 1–210 (2009).

In this case, the Trustee objects to the homestead exemption on the grounds that the Debtor's homestead deed was not recorded in the proper jurisdiction within five days of the § 341 meeting. The Debtor responds that the § 341 meeting was not "held" on April 7, 2009 because the Trustee retained the right to issue a notice of assets for an indefinite period after the meeting took place. Therefore, the Debtor argues that the five-day period within which she must record her homestead deed did not commence on April 7, 2009.

This Court finds that the Debtor did not timely record her homestead deed. The Debtor's § 341 meeting concluded on April 7, 2009 and was not adjourned to a later date. That the Trustee issued a notice of assets on June 10, 2009 is immaterial. The meeting was "held" on Tuesday, April 7, 2009. The Virginia Code includes intervening weekends when computing time periods; however, a period may not end on a weekend or another day on which the clerk's office is closed. Because April 12, 2009 was a Sunday, the time for filing Debtor's homestead deed ended on April 13, 2009. The Debtor recorded a homestead deed in the city of her residence on April 15, 2009. Thus, she failed to timely

record her homestead deed pursuant to Virginia Code section 34–17 and is not entitled to a homestead exemption in bankruptcy. Accordingly, it is

### ORDERED:

That the Trustee's Objection to Exemptions is hereby **SUSTAINED.**