**In re Steven L. PULLMAN, Debtor.**

**No. 02–83326–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 23, 2004.

Steven Lamont Pullman, Annandale, VA, pro se.

W. CLARKSON MCDOW, JR., Columbia, SC, U.S. Trustee.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE is before the court on the chapter 7 trustee's objection to the debtor's claim of exemption of certain sports memorabilia as heirlooms under § 34–26(2) of the Code of Virginia. The debtor testified[1] that the items he claimed ex-

---

1. *In re Scott,* 199 B.R. 586 (Bankr.E.D.Va. 1996) addresses the heirloom exemption, however, the debtor presented no evidence as to the nature of the personal property or its provenance.

empt were sports memorabilia he acquired through his business relationships with certain sports figures. He asserts that they are heirlooms because he intends to give or bequeath them to his children.

Section 34–26(2) permits exemption of "family portraits and family heirlooms not to exceed $5,000.00 in value." It does not, however, define "family heirlooms." Black's Law Dictionary defines "heirloom" as:

> 1. An item of personal property that by local custom, contrary to the usual legal rule, descends to the heir along with the inheritance, instead of passing to the executor or administrator of the last owner; traditional examples are an ancestor's coat of armor, family portraits, title deeds, and keys....
>
> 2. Popularly, a valued possession of great sentimental value passed down through generations within a family.

*Black's Law Dictionary* (7th ed.1999) at 729.

*The Oxford English Dictionary Online* similarly contains two definitions:

> a. A chattel that, under a will, settlement, or local custom, follows the devolution of real estate. Hence, any piece of personal property that has been in a family for several generations.
>
> b. *fig.* Anything inherited from a line of ancestors, or handed down from generation to generation.

*The Oxford English Dictionary Online*, http://dictionary.oed.com, visited 09/15/2004.

Finally, "heirloom" is defined in a general dictionary as:

> 1. any family possession transmitted from generation to generation.
>
> 2. *Law*, a chattel that because of its close connection with the mansion house descends to the heir.

*The Random House College Dictionary,* (Rev.ed., 1980) at 614.

Each authority provides two similar definitions for heirloom. The first definition is a narrow ancient definition. The ancient definition requires a close connection between the personal property and the family or its real estate. Such personal property descends by operation of law or local custom to the heir. From the examples given, it is clear that these items of personal property, such as keys to the house and title deeds to real property, are so closely related to the real property itself that they should not be separated from it.

The second definition is a broader popular definition. The common element is continued family ownership: that the personal property has been owned by family members over several generations, is expected to remain in the family for the indefinite future and has sentimental or family historic value. *See, Commonwealth v. Hudson,* 265 Va. 505, 508, 578 S.E.2d 781, 783 (2003) (criminal case referring in passing to a ring inherited from the victim's father); *Milton v. The Blue Goose,* 91 F.Supp. 114, 116 (E.D.Va.1950) (admiralty case referring in passing to a watch inherited from a grandfather). The sentimental or family historic value typically exceeds the monetary value that a non-family individual would pay for it.

Virginia exemptions are liberally construed. *In re Nguyen,* 211 F.3d 105, 110 (4th Cir.2000) (construing the homestead exemption); *Goldburg Co., Inc. v. P.W. Salyer, Inc.,* 188 Va. 573, 577, 50 S.E.2d 272, 274 (1948) (construing the homestead exemption). The ancient definition of an heirloom runs counter to this rule of construction, particularly since there are few heirlooms in this sense today. Adopting the ancient definition would essentially render the exemption

326

meaningless.[2] Thus, the more liberal popular definition should be used.

 In this case, the sports memorabilia did not originate from an ancestor. While all heirlooms must originate somewhere, an item of personal property is not an heirloom unless and until it has been transferred from an ancestor to a descendant with the intention that it remain in the family. That is not the case here. This attribute, having received it from an ancestor, is not satisfied.[3] Without having satisfied this attribute, the sports memorabilia does not qualify under the heirloom exemption and the trustee's objection will be sustained.

---

2. The anachronism of the ancient definition of heirloom is illustrated by Blackstone's discussion. He writes that heirlooms are such "goods and personal chattels, as, contrary to the nature of chattels, shall go by special custom to the heir along with the inheritance, and not to the executor of the last proprietor....They are generally such things as cannot be taken away without damaging or dismembering the freehold; otherwise the general rule is, that no chattel interest whatsoever shall go to the heir." William Blackstone, 2 *Commentaries on the Laws of England*, (reprinted facsimile of first edition, 1766; The University of Chicago Press, 1979) at 427. He cites as examples the crown jewels "for they are necessary to maintain the state, and support the dignity, of the sovereign;" charters, deeds and other evidences of land and the chests in which they are contained; and in some places by local custom, carriages, utensils, and other household implements, but "such custom must be strictly proved." *Id.* at 428. "But to return to heirlooms: these, though they be mere chattels, yet cannot be devised away from the heir by

will; but such a devise is void, even by a tenant in fee-simple. For, though the owner might during his life have sold or disposed of them, as he might of the timber of the estate, since as the inheritance was his own, he might mangle or dismember it as he pleased; yet, they being at his death instantly vested in the heir, the devise (which is subsequent, and not to take effect till *after* his death) shall be postponed to the custom, whereby they have already descended." *Id.* at 429. Blackstone distinguishes between inheritances of real property which pass directly to the heirs by operation of law at the moment of the death of the decedent and devises of personal property that pass to the beneficiaries through the executor by the terms of a will after the testator's death. For his discussion of the transfer of real property by will from the Conquest through the Statute of Wills and to 1766, see 2 *Blackstone's Commentaries*, 373–379.

3. It is not necessary to address the question of whether the modifier "family" restricts the type of heirlooms that may be claimed exempt.