# CIRCUIT COURT OF FAIRFAX COUNTY

Richard Riney
and Donna Riney

v.

Park Moving & Storage Co., Inc., et al.

## Case No. CL-2006-12637

BY JUDGE ARTHUR B. VIEREGG

March 22, 2007

This matter, which was limited to the issues of damages, was tried before me on March 15, 2007. Plaintiffs Richard and Donna Riney, a married couple, initiated this action against defendants Park Moving & Storage Company, Inc. ("Park"), Advance Mold Remediation, Inc. ("AMR"), and AMR's president, Kevin Bristol, for the defendants' unauthorized disposal of a family heirloom, a generations old European oil painting. This letter opinion relates only to the Rineys' action against AMR and Bristol.

After being served with the Rineys' complaint pursuant to the Virginia Long-Arm Statute, neither AMR nor Bristol filed responsive pleadings. Accordingly, on January 19, 2007, a default judgment was entered in favor of the Rineys against AMR and Bristol. The facts pleaded by the Rineys and not answered by AMR and Bristol are therefore admitted. Rule 1:4(e). On January 31, 2007, this case was set by the calendar control judge as "to the issue of damages" for March 15, 2007. It is important to emphasize, however, that the Rineys successfully opposed the defendants' Motion for Relief from Default Judgment. *See* Order of March 7, 2007.

## The Admitted Facts

The Rineys, as federal employees, were assigned to positions abroad. Pursuant to an agreement with the United States Government and Park, the latter stored certain possessions of the Rineys including the painting. Park was obligated to return the painting to the Rineys in the same condition as when it was received for storage.

In February 2005, the Rineys returned from abroad. On March 30, 2005, Park delivered the painting to the Rineys. Because mold had "developed" on the painting while in storage, Park agreed to have the mold removed. Park engaged the services of AMR to pick up the painting from the Rineys to remove the mold. Thereupon, Bristol came to the Rineys' home and took possession of the painting for such restoration services. Subsequently, AMR informed the Rineys that AMR had discarded the painting. The Rineys alleged that the painting had a value of $80,000.

Based on the foregoing facts, the Rineys sued AMR and Bristol for breach of bailment, breach of a contract intended to benefit the Rineys, and conversion. As to the conversion count, the Rineys sought an award of both compensatory damages and punitive damages. The Rineys did not allege that the disposal of the painting by AMR and Bristol was done in willful and wanton disregard of the Rineys' rights.

## The Damages Trial

Pursuant to Rule 1:19(c)(3), the case as to the quantum of the Rineys' damages was tried before me on March 15, 2007. As a preliminary matter, the defendants conceded that the value of the lost portrait was not less than $2,500. At trial, the defendants presented a motion *in limine* to exclude the opinion of Mr. Ted Cooper, the Rineys' art appraisal expert that the value of the painting was at least $80,000 because Mr. Cooper's opinion was based on hypothetical facts he was asked to assume as true. Those assumptions were that the painting had been painted by one of Europe's finest painters in the period between the late 17th and late 19th centuries and therefore was worth approximately $80,000. This court granted defendant's motion *in limine*.

Since the Rineys could not prove that the value of the painting was more than $2,500, they sought to prove that AMR's and Bristol's conduct in connection with the disappearance of the painting was undertaken either maliciously or in willful and wanton disregard of the Rineys' rights. Defendant Bristol testified in an effort to exculpate himself from liability for

the punitive damages sought by the Rineys. At the conclusion of the evidence, I took the matter under advisement and requested counsel to furnish a transcript of the testimony at the hearing.

### Decision

In *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141 (1981), the Supreme Court of Virginia declared as follows:

> It is firmly established that no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed. *Potts v. Mathieson Alkali Works*, 165 Va. 196, 207, 181 S.E. 521, 525 (1935). "Pleadings are as essential as proof, and no relief should be granted that does not substantially accord with the case as made in the pleading." *Bank of Giles County v. Mason*, 199 Va. 176, 180, 98 S.E.2d 905, 907 (1957); *see also, Lee v. Lambert*, 200 Va. 799, 802, 108 S.E.2d 356, 358 (1959). This rule is clearly stated in *Potts* as follows:
>
> > The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. . . . Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void. . . . Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense. . . . The issues in a case are made by the pleadings, and not by the testimony of witnesses or other evidence.

165 Va. at 207, 181 S.E. at 525.

In their complaint, the Rineys alleged the defendants received and later discarded the painting. These admitted facts were sufficient to make out their case for the defendants' conversion of the painting. However, because the Rineys failed to allege the defendants' disposition of the painting was done either maliciously or willfully and wantonly, they did not plead facts necessary to entitle them to an award of punitive damages. *Peacock Buick, Inc. v.*

*Durkin*, 211 Va. 1133, 1136 (1981). Furthermore, by electing to establish the liability of the defendants based on the facts alleged in their pleadings and not by evidence at trial, the only facts that may be considered with respect to liability are those they pleaded. I therefore find that the Rineys are not entitled to an award of punitive damages. *Landis v. O'Connor*, 33 Va. Cir. 256 (Loudoun County, 1994). In *Landis*, plaintiffs failed to respond to a counterclaim. Defendants moved for entry of a default judgment just as the Rineys have done here. Judge Chamblin observed that, since the counterclaimants had elected to rely on facts they had pleaded rather than the facts they might have proved at trial, the legal sufficiency of their causes of action pleaded would be measured by the facts pleaded in the motion for judgment. A decision in favor of the counterdefendants was accordingly entered on account of infirmities in the counterclaimants' counterclaim. 33 Va. Cir. at 258.

At the hearing on March 15, 2007, after I granted the defendants' motion *in limine*, the Rineys, over the objection of the defendants, were permitted to present evidence to demonstrate the circumstances surrounding the delivery of the painting to Bristol and other circumstances suggesting Bristol had maliciously or willfully and wantonly converted the Rineys' heirloom. Tr. at 30:21-31:16. While pursuant to Rule 1:19(c), this court had jurisdiction to establish "the amount" of unliquidated damages such as the value of the Rineys' painting, the Rule does not authorize the plaintiffs to introduce additional facts of the defendants' liability.

For the reasons set forth, the Rineys are awarded a judgment against AMR and Bristol, jointly and severally, in the amount of $2,500. And they are awarded their costs, including the cost of the transcript ordered to be transcribed.

April 3, 2007

This letter is written in response to the Motion for Reconsideration of Rulings and Judgment and Memorandum in support of Motion filed on behalf of Mr. and Mrs. Riney in the captioned case. The facts are well developed in my earlier letter opinion of March 22, 2007. In essence, the Plaintiffs take issue with this court's decision that the alleged destruction of the painting by defendants permits this court to assume that the painting was painted by a European master painter of the top tier within a two hundred year period between the late 17th and late 19th centuries, and therefore had a value of at least $80,000. At trial, this court rejected the spoliation argument advanced by plaintiffs because their cases were based on post-litigation conduct of the defendants.

In taking issue with this decision, the Rineys first refer this court to the decision of *Wolfe v. Virginia Birth-Related Neuro. Injury Comp. Program*, 40 Va. App. 565, 580-82 (2003), in which the plaintiffs were afforded an inference that the doctors' conduct in not taking necessary tests that might have established their malpractice *vel non*, gave rise to an *inference* that had the tests been performed, the results would have been unfavorable. It is noteworthy that, in *Wolfe*, the Court of Appeals remanded the case to the trial court to weigh the inference with regard to the issue of the doctors' malpractice.

In view of *Wolfe*, I concur with the Rineys' argument that the pre-suit filing should have been considered with respect to the issue of damages. I have accordingly reconsidered the case and have weighed that inference in connection with the damages issue that lies at the heart of this case. However, I find it wanting. There simply was no authority presented on account of which this court could have awarded damages of a specific amount in the absence of accepting the owners' groundless testimony of what the painting was worth. Nor would the testimony of the Rineys' expert have changed in this regard, a fact confirmed because the expert's deposition is available and was reviewed by the court in connection with whether or not he might testify. One of the reasons, of course, that it is groundless, is that the Rineys apparently never considered the painting of sufficient value to have it appraised or insured.

The Rineys also urge that this court should not have awarded them $2,500 for the painting, apparently because their expert had not testified to that fact. This overlooks the circumstance that Advance Mold Remediation and Kevin Bristol, by their counsel, in argument had conceded that the painting was worth at least $2,500. Of course, if the Rineys insist, this court would certainly consider awarding them only nominal damages plus their costs.

For the foregoing reasons, I will place this case on my docket for Friday, April 6, 2007, for the limited purpose of entering an order awarding the Rineys either $2,500 or only nominal damages should they so elect.