**In re George James SEMPELES, Debtor.**

**No. 12–50312.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

June 6, 2012.

Marilyn A. Solomon, Winchester, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District on this 6th day of June, 2012:

The matter before the Court for decision is the objection by the creditor Shenandoah Hotel Property, LLC to the Debtor's "heirloom" exemption under Virginia Code § 34–26(2). The Debtor has claimed his "heirloom" exemption in 32.5 shares in the Gunbarrel Valley Wildlife Preserve, Inc. After hearing the evidence presented on April 14, 2012, and the arguments of the parties, the Court makes the following findings of fact and conclusions of law.

### Facts

In the early 1970's, Jimmy Sempeles, father of the Debtor, purchased a proportional share in a hunting club. The club was formed as the Gunbarrel Valley Wildlife Preserve, Inc. ("Gunbarrel"). A single proportional share is represented by 32.5 shares of stock in Gunbarrel. There were originally a total of 20 proportional shares, each represented by 32.5 shares of stock. The owners of Gunbarrel in the early seventies were connected through their ownership of Gunbarrel, and not through previous existing friendships or family ties. Since the early seventies, some proportional shares have been liquidated back into the company and some shareholders own more than one proportional share. Each proportional share entitles its holder to one vote at the annual meeting. There are currently eleven shareholders that hold 15 proportional shares. Gunbarrel owns approximately 860 acres of wilderness in West Virginia. Ownership of shares in Gunbarrel entitles an owner to hunt on the land owned by Gunbarrel. Owners may bring one guest when they hunt.

The Debtor inherited the shares in Gunbarrel when his father passed away in the mid–1990's. The Debtor had hunted on the Gunbarrel land with his father since the Debtor was in his early twenties. After inheriting the shares in Gunbarrel, the Debtor has hunted on the Gunbarrel land with his own son for the past fifteen years. At the hearing, the Debtor described the Gunbarrel land and his feelings about it: "it is where my father is. It is where my family is. My son feels the same way. I mean it's hallowed ground to me."

### Discussion

Since Virginia has "opted out" of the federal exemptions permitted under 11 U.S.C. § 522(d), the Debtor relies on Virginia Code § 34–26(2) which allows a debtor to exempt "[f]amily portraits and family heirlooms, not to exceed $5,000 in value." The issue in this case is whether the Debtor's shares of stock in Gunbarrel qualify as a heirloom under the Virginia Code. The Virginia Code itself does not supply a definition of heirloom.

### I. Definition of "Heirloom"

*In re Pullman* provides a thorough analysis of how "heirloom" should be defined under the Virginia heirloom exception:

Black's Law Dictionary defines "heirloom" as:

1. An item of personal property that by local custom, contrary to the usual legal rule, descends to the heir along with the inheritance, instead of passing to the executor or administrator of the last owner; traditional examples are an ancestor's coat of armor, family portraits, title deeds, and keys....

2. Popularly, a valued possession of great sentimental value passed down through generations within a family.

*Black's Law Dictionary* (7th ed. 1999) at 729.

The Oxford English Dictionary Online similarly contains two definitions:

a. A chattel that, under a will, settlement, or local custom, follows the devolution of real estate. Hence, any piece of personal property that has been in a family for several generations.

b. *fig.* Anything inherited from a line of ancestors, or handed down from generation to generation.

*The Oxford English Dictionary Online*, http://dictionary.oed.com, visited 09/15/2004.

Finally, "heirloom" is defined in a general dictionary as:

1. any family possession transmitted from generation to generation.

2. *Law*, a chattel that because of its close connection with the mansion house descends to the heir.

*The Random House College Dictionary*, (Rev. ed., 1980) at 614.

Each authority provides two similar definitions for heirloom. The first definition is a narrow ancient definition. The ancient definition requires a close connection between the personal property and the family or its real estate. Such personal property descends by operation of law or local custom to the heir. From the examples given, it is clear that these items of personal property, such as keys to the house and title deeds to real property, are so closely related to the real property itself that they should not be separated from it.

The second definition is a broader popular definition. The common element is continued family ownership: that the personal property has been owned by family members over several generations, is expected to remain in the family for the indefinite future and has sentimental or family historic value.... The sentimental or family historic value typically exceeds the monetary value that a non-family individual would pay for it. Virginia exemptions are liberally construed. *In re Nguyen*, 211 F.3d 105, 110 (4th Cir.2000) (construing the homestead exemption); *Goldburg Co., Inc. v. Salyer*, 188 Va. 573, 577, 50 S.E.2d 272, 274 (1948) (construing the homestead exemption). The ancient definition of an heirloom runs counter to this rule of construction, particularly since there are few heirlooms in this sense today. Adopting the ancient definition would essentially render the exemption meaningless. Thus, the more liberal popular definition should be used.

*In re Pullman*, 317 B.R. 324, 325–326 (Bankr.E.D.Va.2004) (footnotes omitted)

■ Based on the analysis above, this Court concludes that the following must be present for an item to be considered a heirloom under Virginia § 34–26(2): (1) the proposed heirloom must be a piece of personal property; (2) the proposed heirloom must have been passed within a family from one generation to another at least once; (3) the possessor of the proposed heirloom must intend to pass it on to a family member in a subsequent generation; and (4) the possessor of the proposed heirloom must attach significant sentimental value to the proposed heirloom. This

last requirement can be shown through direct evidence or through a demonstration that the family holding the proposed heirloom would be willing to pay more for the proposed heirloom than a non-family member.

█ The final question of law that the Court must address is whether or not a heirloom must be *tangible* property. The few scant examples of heirlooms mentioned in Virginia case law are all pieces of tangible property: a ring; an oil painting and a gown.[1] Several of the dictionary definitions use the word "chattel" to describe a heirloom and this word has a connotation that implies that heirlooms must be tangible. However, these definitions fall within the "ancient" definitions rejected by *In re Pullman. In re Pullman*, 317 B.R. at 325. In addition, Virginia law interprets exemptions liberally. *Id.* This Court's conclusion that heirlooms must be personal property does not foreclose a heirloom being intangible property. *See Black's Law Dictionary*, (6th ed. 1990) at 1217 (defining personal property in a way that does not exclude intangible property). Similarly, the next two requirements that the property pass from one generation to the next do not categorically bar intangible property from being a heirloom.

Therefore, the question of whether a heirloom can be a piece of intangible personal property turns upon whether someone can be sentimentally attached to intangible property. Sentimental attachment to tangible heirlooms is created through the connection that one generation in a family feels to a previous generation through the use and enjoyment of the same object. It is the connection to a previous generation through the item that renders the item of sentimental value.[2] The tangible property becomes a mere representative of the generational connection and a repository of the sentimental value.

If a piece of tangible personal property can be a basis of sentimental value, this Court sees no reason why an intangible piece of personal property can not serve the same function. State legislatures enacted exemption statutes out of compassion for debtors. *See In re Barker*, 768 F.2d 191, 195 (7th Cir.1985). In Virginia, that compassion includes a limited protection for items that serve as a basis of generational connection and sentimental value. Therefore, a piece of personal property, whether tangible or intangible, can be a heirloom so long as it serves the purpose of being a basis of generational connection and sentimental value.

█ In this case, the Debtor's stock in Gunbarrel is personal property. The Debtor's testimony and documentary evidence demonstrate that his stock in Gunbarrel was passed on to him from his father and that he intends to pass it on to his son. The Debtor has also demonstrated through his uncontroverted testimony that his partial ownership in Gunbarrel is the basis of a generational connection and sentimental value. In this way, it functions just like a tangible heirloom.[3]

---

1. *Commonwealth v. Hudson*, 265 Va. 505, 508, 578 S.E.2d 781 (Va.2003) (describing a ring as a heirloom); *Riney v. Park Moving & Storage Co.*, 74 Va. Cir. 40, 2007 WL 7651591 (Va.Cir.Ct.2007) (describing an oil painting as a heirloom); *Shaio Hon Yang Yeh v. Guang Huei Yeh*, 56 Va. Cir. 439, 440 (Va.Cir.Ct. 2001) (describing a ring as a heirloom); *Aryal v. L & L Enter., Inc.*, 1998 Va. Cir. LEXIS 463, 1–2 (Va.Cir.Ct. Jan. 27, 1998) (describing a gown as a heirloom).

2. Sentimental value can be thought of as a premium placed upon a heirloom by a family over and above the market value.

3. Note that the generational connection is bound up with the stock in Gunbarrel because it is the ownership in Gunbarrel that allows

Therefore, based upon the specific facts of this case, the Debtor has demonstrated all the elements needed to show that his share of ownership in Gunbarrel Valley Wildlife Preserve, Inc. is a heirloom.

### *Conclusion*

For the reasons set forth above, the debtor's exemption of his shares in Gunbarrel under the heirloom exemption in Virginia Code § 34–26(2) is proper. Accordingly it is,

### ORDERED

That Shenandoah Hotel Property, LLC's objection to the Debtor's exemption is **OVERRULED,** and the claimed exemption allowed to the Debtor.

Copies of this Order are directed to be sent to: counsel for Creditor Shenandoah Hotel Property, LCC, William E. Shmidheiser, Esquire; and to counsel for Debtor, Marilyn A. Solomon, Esquire.

the Debtor to enjoy the same thing that his ancestors enjoyed. Without the ownership in Gunbarrel, the Debtor would be unable to pass the feeling of "connection" to future generations.